[No. 609.  Decided January 31, 1889.]

# H. M. McCARTNEY, H. D. SANBORN AND L. H. BURTON v. WILLIAM GLASSFORD.

CONTRACTS—PART PERFORMANCE—ACTION ON CONTRACT—PLEADING—CONSTRUCTION OF CONTRACT—MUTUALITY.

Plaintiff agreed to freight certain produce to a certain point at so much per pound, and defendants agreed to pay the full amount of the freight charges at the specified rates on delivery of the shipping receipts. Plaintiff alleged in his complaint part performance of the contract, and that defendants refused to permit him to complete it, or to perform on their part, and asked damages for the breach. *Held*, that, there being no mention in the complaint of payment had on the part performed, it would be assumed that the suit was brought for that as well as for that unperformed, and hence a demurrer was properly overruled. If any part of a complaint is good it will stand against a general demurrer.

In the absence of a fixed time for the performance of the agreement, a reasonable time would be presumed to have been intended by the parties.

Plaintiff having contracted to carry, and defendants to pay so much per pound, there was a corresponding obligation on the part of defendants to furnish the produce for carrying.

## Error to District Court, Spokane County.

Action by William Glassford against H. M. McCartney, H. D. Sanborn, and L. H. Burton, copartners, to recover damages for alleged breach of a written contract. Plaintiff obtained a verdict and judgment. Defendants bring error.

*Griffitts, Moore & Feighan*, for plaintiffs in error.

*Nash, Kinnaird & Murray*, for defendant in error.

The opinion of the court was delivered by

ALLYN, J.—A contract was made February 26, 1885, between William Glassford, of the first part, and H. McCartney & Co., of the second part, by which Glassford agreed to freight one hundred tons of produce to the Little Dalles, at the rate of one and one-half cents per pound,

—one-half by April 16, and the other half May 20, 1885. The second party agreed to pay the full amount of the freight charges, at above rates, on delivery of the shipping receipts, duly certified to as correct by their clerk. Upon this contract the suit is based, and it is made a part of the complaint.

The complaint states: 1. The contract. 2. That later the parties mutually agreed that the dates for delivery should be disregarded; otherwise the contract to remain as before. 3. "That under and pursuant to said contract the plaintiff hauled sixty-two tons and three hundred and twelve pounds of freight from Spokane Falls to the Little Dalles aforesaid, and remained at all times willing to complete said contract upon his part, and to haul the remainder of said one hundred tons. 4. That the defendants, though requested so to do, refused to permit plaintiff to complete said contract, and to haul the balance of said one hundred tons, and refused further to perform said contract on their part, by reason of which the plaintiff suffered damage in the sum of $1,133.82. Wherefore the plaintiff prays judgment" for that sum, with interest and costs. To this a general demurrer was interposed, which the court overruled. The defendant preserved his exception, and later a trial was had on issue joined. Action overruling said demurrer is now to be reviewed.

The contract, it will be observed from the complaint, was partly performed. As no mention is made in the complaint of payment had on the part performed, we think it may quite as well be assumed that the amount for which this suit is pressed is for that as well as for that unperformed. Of course, if this is so, the demurrer would not lie. It is said a mathematical calculation will show that the result of the unperformed part, at the contract price, compared with the aggregate claim, will show the suit to be for the breach. This may be a satisfactory mode for the defendants to arrive at the meaning, but we take the plain reading of the com-

plaint; and it will be seen, from that quoted above as three and four, there is first an allegation of sixty-two tons and three hundred pounds hauled, and readiness to perform the remainder, and a claim, by reason of this, of damages. As there is no statement of anything having been paid for the sixty-two tons hauled, and no clear allegation that this suit is for the breach above, it is quite clear that the demurrer was properly overruled; for, if any part of the complaint is good, it must stand. From what we have just said, it is by no means certain but this is a claim for the part performed, or some portion of it.

The real contention of the appellee, however, seems to be that the contract is wanting in mutuality, binding only the appellee to carry the freight, and not requiring appellant to furnish any; or, even if he is so required, that by the subsequent waiver of time, he is relieved from any time for performance. The rule that, if no time is fixed for the performance of an agreement otherwise regular, a reasonable time will be presumed to have been intended by the parties, we think settles the claim of want of time.

The remaining question is whether appellant is equally bound by the contract set out above. It is evident that the consideration of appellee's assuming to carry said produce and incurring such liability was the implied promise of appellant to furnish it; and we believe the law will just as clearly and conclusively presume or imply such a promise on his part as if it had been set out in express words. To take any other view of a contract such as this would permit, in our judgment, a fraud and overreaching. There was a contract on the one part to carry, and on the other a contract to pay so much per pound; and there was from this just as clearly a corresponding and correlative obligation to furnish for carrying.

In Sedgwick's Leading Cases on Damages, p. 382, is the case of *Black v. Woodrow*, 39 Md. 194, which seems to us decisive of this case, if the first objection herein made is not

sufficient. It is there said: "If the act to be done by the party binding himself can only be done upon a corresponding act being done or allowed by the other party, an obligation by the latter to do or allow to be done the act or things necessary for the completion of the contract will be necessarily implied," with numerous authorities commented on and reviewed, all leading to the conclusion at which we have arrived herein.

The action of the court below was correct, and it is therefore affirmed.

BURKE, C. J., and LANGFORD, J., concur.