[No. 9067.    Department One.    February 9, 1911.]

JOSEPH MATZGER, *Appellant*, v. F. E. PAGE, *Respondent*.[1]

APPEAL—REVIEW—FINDINGS. Findings upon conflicting evidence will not be disturbed on appeal where the trial court heard and saw most of the witnesses and the evidence abundantly supports the findings.

BILLS AND NOTES—MATURITY—OPTION OF PAYEE—WAIVER—TENDER. The option to hasten the maturity of a note, for nonpayment of interest, is for the benefit of the payee, and is waived unless exercised before tender of the amount due.

TENDER—SUFFICIENCY. As the law does not concern itself with trifles, a tender of $400 interest on a mortgage note is sufficient, without adding interest thereon for three days' intervening between its maturity and the date of tender.

[1]Reported in 113 Pac. 254.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered May 28, 1910, in favor of the defendant, after a trial on the merits before the court without a jury, in an action to foreclose a mortgage.  Affirmed.

*Leopold M. Stern (J. W. Russell* and *W. H. B. Thomas*, of counsel), for appellant.

*Thomas D. Page*, for respondent.

PER CURIAM.—On the 9th day of October, 1908, the predecessors in title of defendant, F. E. Page, executed and delivered to plaintiff's assignor their promissory note for $5,000, payable on or before February 13, 1913, with interest at eight per cent per annum, payable annually.  Upon the same date the makers of the note executed a mortgage upon certain real estate as security for its payment.  The defendant, F. E. Page, became the owner of the mortgaged premises on October 20, 1908.  The note provides that, if the interest is not paid when it becomes due, the whole sum of both principal and interest shall become "immediately due and collectible at the option of the holder" of the note.  This suit was commenced on October 29, 1909, for the foreclosure of the mortgage.  The complaint alleges that the interest which became due on October 9, 1909, has not been paid, and that on the 19th day of October following, the plaintiff elected to, and did, declare both the principal and interest immediately due.  It is affirmatively alleged in the answer that the defendant, F. E. Page, through her agent, tendered to the plaintiff $400 in United States gold coin, the amount of the accrued interest, on the 12th day of October, 1909. The tender is denied in the reply.  The tender was deposited in the registry of the court before the commencement of the trial. There was a judgment for the plaintiff for the amount of the tender less the amount of costs of the defendant, F. E. Page. The plaintiff has appealed.  The defendant, F. E. Page, will hereafter be called the respondent.  The appeal presents but two questions, one of fact and one of law.

The appellant earnestly insists that no tender was in fact made. On this question there is a conflict in the evidence. Two witnesses on behalf of the respondent testified that $400 in gold coin was tendered to the appellant on October 12, 1909, seventeen days before the commencement of the action. The appellant was not present in person at the trial, but stated in his deposition that the tender was not made. His testimony is inferentially corroborated by the testimony of another witness. The trial court saw and heard three of the witnesses testify, whilst we have nothing but the cold letter of the record before us. It is apparent from what has been said that the judgment is supported by abundant evidence. We will therefore accept it as conclusive upon the facts.

Recurring to the law of the case, it suffices to say that this court, in an unbroken line of decisions, has held that a provision in a note hastening the date of its maturity is for the benefit of the payee, and that he waives his option unless he exercises it before a tender of the amount actually due. *Coman v. Peters*, 52 Wash. 574, 100 Pac. 1002.

It is argued that the failure to tender the interest due upon the accrued interest for the three days intervening between its maturity and the date of the tender renders the tender ineffectual. This contention is without merit. The law does not concern itself with trifles. *Scott v. Patterson*, 1 Wash. 487, 20 Pac. 593.

The judgment is affirmed.