[No. 16917.   Department Two.   April 3, 1922.]

A. DALK *et al., as A. Dalk & Company, Respondents,* v.
FRANK D. BLACK, INCORPORATED, *Respondent,*
R. ROWNTREE *et al., Appellants.*[1]

CONTRACTS (86)—CONSTRUCTION—BUILDING CONTRACT.   Proposals by a sash and door factory to furnish all window frames for a building do not include the priming coat, which the specifications required should be given before placing, where the proposals did not refer to the specifications or mention the painting.

CUSTOM AND USAGES (6)—EVIDENCE AS TO EXISTENCE OF CUSTOM. The evidence of one witness that it was the custom of the plant with which he was familiar to put a priming coat on window frames and sash does not establish a general custom among mill work manufacturers to do so.

CONTRACTS (86)—CONSTRUCTION—BUILDING CONTRACTS.   A proposal by a sash and door factory to furnish all mill work for a building, specifying the list of materials, consisting of doors, window sash frames, and so forth, including "all glass," refers to the glass in the frames and sashes listed, and does not include skylight glass to be set in metallic frames not included in the proposals, or made by the factory.

CONTRACTS (92)—PERFORMANCE—REASONABLE TIME.   Where no time is stipulated for the furnishing of mill work for a building, it must be furnished within a reasonable time.

Appeal from a judgment of the superior court for King county, French, J., entered June 16, 1921, in favor of the plaintiffs, in an action to foreclose a mechanics' lien, tried to the court.   Affirmed.

*Preston, Thorgrimson & Turner,* for appellants.
*Christopher Jacobsen,* for respondents.

MAIN, J.—The plaintiffs brought this action for the purpose of foreclosing a lien for material which was used in the construction of a building.   The defendants were the owners of the property and the principal con-

[1]Reported in 206 Pac. 22.

tractors. The answer of the contractors contains certain admissions and denials, and an affirmative defense in which certain offsets are pleaded. From a judgment sustaining the right of the plaintiffs to recover, the principal contractors appeal.

R. Rowntree and G. J. Kieburtz, as copartners doing business under the name of the Pacific States Construction Company, sometime during the latter part of January, 1920, contracted with the owner of a certain lot, or lots, in the city of Seattle for the erection thereon of a building. The building was to be constructed of brick, tile and concrete. The respondents were copartners doing business under the name of A. Dalk & Company, and operated a factory in which they made window frames, sash, doors, and so forth. After the contract for the building had been entered into, the appellants contracted with the respondents to furnish the mill work for the building. This contract, while in writing, is somewhat informal and consists of a proposal by the respondents and a letter of acceptance by the appellants.

After the building had been completed, a controversy arose between the parties as to certain items. Upon this appeal three of these are involved. The first contention of the appellants is with reference to the priming coat on the window frames. They claim that this should have been done by the respondents, and inasmuch as it was not done by them and was required by the specifications for the building, that an offset should be allowed for this item. The specifications provided (which were a part of the contract between the owner and the appellants), among other things, that all window frames set in the outer walls should be given a coat of lead and oil before placing. The proposal made by the respondents makes no specific reference to the

specifications. It is addressed to the appellants and recites that "we propose to furnish you the following materials delivered" for a sum named. Below this recital is a list of materials which it is proposed to furnish, which consists of doors, window sash frames, and so forth, and specifies in detail the exact items to be furnished and the sizes. It concludes with, including "all glass." · The acceptance of this proposal recites a receipt thereof and states that the same is thereby accepted, including the proposal to furnish all glass. With reference to this item, the appellant makes two contentions. First, that the priming coat upon the window frames was a part of the mill work; and second, that, even if the specifications were silent on this point, as a matter of custom the priming coat would be considered a part of the mill work. The specifications do not state that the priming coat shall be a part of the mill work, but only require that the window frames be so prepared before they are placed. The respondents did not contract to furnish the mill work as set out in the specifications, but gave a list of items which they would furnish. In this list and acceptance thereof there is no mention of the painting of the frames before they are set. The rights of the parties as to this point must be determined by the proposal of the respondents and the acceptance by the appellants, and under this contract they were not required to do the priming.

As to the matter of custom, one witness testified on direct examination that it was the custom for the priming coat to be put on by the mill work manufacturer, but on cross-examination stated that he did not know this to be a general custom, but that it was only the particular custom of the plant with which he was familiar. This testimony would not sustain a finding that there was a general custom which would require

the respondents to put on the priming coat when the contract between the parties was silent upon the matter.

The second contention of the appellants is that the court should have allowed their offset for skylights which were set, not in wood, but in metallic frames. The frames for the skylights were not furnished by the respondents. They were not manufacturers or dealers in metallic frames or in glass. The proposal to furnish all glass necessarily referred to such glass as was necessary to be set in the frames and sashes which the respondents were to manufacture and deliver. It would be extending the contract beyond the plain intent of the parties to construe it as placing an obligation upon the respondents to furnish the skylights, which, as already stated, were set in frames which were metallic and which were not furnished by the respondent.

The last contention is that the offset for damages claimed to have been caused by the delay of respondents in furnishing the mill work should have been allowed. The contract contained no time as to when the material should be delivered, and consequently, under the law, it was necessary that it be delivered within a reasonable time. Upon the question as to whether the respondents failed to deliver within a reasonable time, and by reason of this fact the delay in the completion of the building was caused and the appellants thereby damaged, the evidence is not harmonious. That of the appellants would sustain a finding that the respondents had not delivered the window frames within a reasonable time and thereby caused the delay and damage. The evidence on behalf of the respondents sustains a finding that the material was delivered within a reasonable time. Without reviewing this evidence in detail, it may be said that we are disposed to adopt the view of the trial court and deny a recovery upon this item.

The judgment will be affirmed.

PARKER, C. J., MACKINTOSH, HOLCOMB, and HOVEY, JJ., concur.