[No. 19279. Department One. June 3, 1925.]

VALLEY FRUIT COMPANY, *Respondent,* v. WILLIAM SWASH, *Appellant.*[1]

CONTRACTS (84)—CONSTRUCTION—LOANS AND ADVANCES. Where a fruit company, engaged in packing fruit for others, advanced $750 to a grower, under an agreement that a fruit association having the marketing of the fruit for the grower should apply the proceeds of sales to the repayment of the advance, the grower is personally liable to the fruit company for repayment of the advance, where it does not appear that the association ever paid any money to the fruit company as a result of any sales.

SAME (92)—CONSTRUCTION—PLACE AND TIME—REASONABLE TIME. Under an agreement to repay an advance made to a fruit grower, out of the proceeds of the sale of the crop, the time not being definitely fixed, the repayment is due within a reasonable time, which would be the expiration of the period in which the crop ordinarily would be marketed in due course.

Appeal from a judgment of the superior court for Walla Walla county, Mills, J., entered December 15, 1924, upon the verdict of a jury rendered in favor of the plaintiff, in an action on contract. Affirmed.

*John C. Hurspool,* for appellant.

*Ewing W. Stephens* and *George W. Thompson,* for respondent.

PARKER, J.—The plaintiff fruit company commenced this action in the superior court for Walla Walla county seeking recovery of $750, with interest, alleged

[1]Reported in 236 Pac. 273.

to have been loaned by it to the defendant, Swash, on August 30, 1923. Swash answered by a general denial. The issue being so made, a trial by jury resulted in verdict and judgment awarding to the fruit company recovery as prayed for, from which Swash has appealed to this court.

There is but little room for controversy over what we regard as the controlling facts. The fruit company is engaged in part in packing fruit for others preparatory to its marketing. Swash is a fruit grower. He had an agreement with the Walla Walla Valley Prune Growers Cooperative Association for it to market his fruit grown during the season of 1923, contemplating that such marketing should occur during the fall of that year. The fruit company was packing fruit for the association and packed Swash's fruit grown that year, it being then delivered to the association for marketing as contemplated by the agreement between Swash and the association. The fruit was at no time in the possession of the fruit company for the purpose of marketing. The fruit company had no power of collection of the proceeds of any sales of the fruit, nor was it under any obligation to compel the association to account to it for any such sales.

This being at all times the relation of the parties, on August 30, 1923, evidently near the time of the commencement of the packing, the fruit company "advanced" to Swash, as the transaction was termed in their negotiations, the $750 in question; it being agreed between the fruit company and Swash, to which agreement the association was not a party, that the proceeds of any sales of fruit to be made by the association should be paid by the association to the fruit company; that thereupon the fruit company should 'apply the funds so received towards the repayment of the advance made by it to Swash and pay to him the surplus,

if any. The advance was made upon the personal credit of Swash, and manifestly, we think, became a present debt owing by Swash to the fruit company, though payable at a future indefinite time, that is, at the end of the marketing season. No money was ever received by the fruit company from the association as the result of any sales made by the association. We are not advised by the records that any sales were ever made by the association or as to what became of the fruit. This action was commenced some time after the end of the marketing season when, in the ordinary course of events, returns from the marketing of the fruit would be received by the association and paid over to the fruit company.

While the issue of fact as made by the pleadings, and as the case was actually tried, seems to have been as to whether or not the fruit company advanced the $750 to Swash, he claiming and seeking to prove that the advance was in fact made to another person, the principal contention here made seems to be that the trial court erred in refusing to take the case from the jury and decide, as a matter of law, that the fruit company is not entitled to recover in this action, upon the theory that the evidence shows that even though the advance was made to Swash, the fruit company should not be awarded recovery in this action because the condition of the repayment to it was that it must look, at least primarily, to returns through the association from sales of the fruit, and it has not shown that there will not be any such returns. Counsel for Swash invoke in this behalf the general rule that the consigned goods are the primary fund to which the factor must look for reimbursement, citing *Newburger-Morris Co. v. Talcott*, 219 N. Y. 505, 114 N. E. 846, and other authorities.

Whatever limitations there may be of this nature

upon the right of a factor to look to the personal obligation of his consignee for advances, we think such limitations have no application to the · present controversy. We have seen that the fruit was in no sense consigned by Swash to the fruit company for sale, and that the fruit company had no power of collecting or acquiring the proceeds of the contemplated sale of the fruit. This, as we view it, is simply a case where there came into existence a present debt, a loan, though called an advance, made by the fruit company to Swash, payable at all events by Swash at the expiration of the fruit marketing season of 1923, which ended some time before the commencement of this action. The time of payment not being definitely fixed, it became payable upon the expiration of a reasonable time. Under the circumstances here shown, that would be upon the expiration of the period within which the fruit ordinarily would be marketed in due course. Manifestly, that period had expired when this action was commenced. *Noland v. Bull,* 24 Ore. 479, 33 Pac. 983; *Nunez v. Dautel,* 19 Wall. (U. S.) 560; *Randall v. Johnson,* 59 Miss. 317, 42 Am. Rep. 365; *Williston v. Perkins,* 51 Cal. 554; *Knuppenberg v. Lee,* 74 Wash. 636, 134 Pac. 508.

We conclude that the trial court did not err in refusing to take the case from the jury and decide, as a matter of law, that the fruit company could not recover.

Some complaint is made of the instructions given by the trial court. Whatever technical error there may have been in this respect, it was plainly without prejudice. We think the case does not call for further discussion.

The judgment is affirmed.

TOLMAN, C. J., MAIN, BRIDGES, and ASKREN, JJ., concur.