[No. 20111. Department One. January 24, 1927.]

## HARVEY G. KETCHUM, *Respondent*, v. ALBERTSON BULB GARDENS, INCORPORATED, *Appellant*.[1]

[1] ESTOPPEL (32)—GROUNDS—INCONSISTENT CLAIMS IN JUDICIAL PROCEEDING. In an action for the breach of a contract for the sale of bulbs to plaintiff in which defendant set up an affirmative defense seeking forfeiture of the contract, the plaintiff cannot, to meet the defense, assert invalidity of the contract because the defendant had not complied with the statute relative to the sale of nursery stock.

[2] SALES (152)—REMEDIES OF BUYER—BREACH OF CONTRACT—EVIDENCE—ADMISSIBILITY. In an action for damages for breach of a contract for the sale of bulbs of a certain variety, evidence is admissible that the bulbs of a different variety furnished were of equal value to the plaintiff.

[3] SALES (154)—REMEDIES OF BUYER—BREACH OF CONTRACT—DAMAGES. In an action for damages for a breach of a contract for the sale of bulbs to the plaintiff, it is error to instruct that breach of the contract would entitle plaintiff to recover, since no recovery could be had without proof of damages.

[4] DAMAGES (7)—NOMINAL DAMAGES—EXTENT AND PROOF. In an action for substantial damages for breach of contract, proof of nominal damages only warrants a dismissal of the case.

[5] SALES (154)—DAMAGES (64)—BREACH OF CONTRACT—MODE OF ESTIMATING. In an action for damages for breach of a contract for the sale of bulbs to the plaintiff, his damage is limited to the net profits of the venture if the contract had been performed and is dependent upon the purchase price of the bulbs, and the cost of cultivation and production.

[6] SALES (154)—DAMAGES (74)—LOSS OF PROFITS. In an action for the damages for breach of a contract to sell bulbs to plaintiff which plaintiff set out and could not take back, and therefore had accepted, he is not entitled to prospective profits but his remedy is limited to breach of his implied contract of warranty.

[7] SALES (154)—DAMAGES (64)—BREACH OF CONTRACT—METHOD OF COMPUTATION. A finding of damages from breach of a contract for the sale of bulbs to plaintiff is not sustained where there was nothing in the evidence to show the cost of planting, cultivating and harvesting and preparing the bulbs for market.

[1]Reported in 252 Pac. 523.

Appeal from a judgment of the superior court for King county, Kinne, J., entered March 13, 1926, upon the verdict of a jury in favor of the plaintiff, in an action on contract. Reversed.

*Israel Nelson* and *Long & Schweppe,* for appellant.
*George E. Mathieu,* for respondent.

FULLERTON, J.—The respondent, Ketchum, brought this action against the Albertson Bulb Gardens, Inc., to recover as for a breach of a contract. There was a trial by jury, in which a verdict was returned in favor of the respondent for the sum of two thousand dollars. From the judgment entered on the verdict, the appeal is prosecuted.

The appellant is a grower of, and a dealer in tulip and narcissus bulbs. Its gardens comprise about four acres of ground, situated in the city of Seattle. In the fall of the year 1924, the appellant employed the respondent as a laborer to work in its gardens. After the respondent had been so engaged for a few days, he conceived the idea that he would like to enter into the business of flower and bulb growing on his own behalf, and negotiated to that end with the appellant, through its president and manager. The result of the negotiation was that the appellant leased to the respondent a tract containing some three-quarters of an acre of ground, situated in the northeast part of its gardens, for a term of one year at a rental of fifty dollars, and furnished from its stock a sufficient supply of bulbs to plant the larger part of the leased ground.

The contract between the parties was in part in writing and in part oral. The written part related to the sale of the bulbs, and was in form a conditional sale. It recited that the appellant had delivered to the respondent a specified number of bulbs of each of several

named varieties, the total aggregate being 90,850, of which 84,700 were tulip bulbs and 6,150 were narcissus bulbs, and further recited the conditions upon which they should become the property of the respondent. The contract price for the bulbs agreed upon was $2,104.19, of which sum eighteen dollars was paid at the time the contract was entered into. The contract further provided that one-half of the gross sales realized from the sale of cut flowers from the bulbs should be turned over to the appellant and credited on the purchase price, and provided for monthly payments in fixed sums during the life of the contract, and provided for a forfeiture of the contract of sale in the case of a breach of any of its conditions. It is conceded that the respondent made additional payments on the contract, bringing the total to the amount of $165.50.

In his complaint, the respondent charged that the bulbs were not true to name, but were, on the contrary, a worthless mixture, unfit for the purpose for which they were purchased and worthless for sale as bulbs, making the further allegation that he was damaged by reason thereof in the sum of four thousand dollars.

For answer, the appellant denied the allegations of the complaint, and pleaded affirmatively a breach of the contract on the part of the respondent; the alleged breach being to the effect that the respondent did not make the monthly payments; did not account for the cut flowers harvested and sold by him; did not cultivate the growing bulbs properly, and committed other breaches of the contract, entitling the appellant to declare a forfeiture of the contract, and that it had so declared such a forfeiture. The reply was a denial of the affirmative allegations of the complaint.

On the trial, the respondent introduced evidence

thought to substantiate the allegations of the complaint, and rested. The appellant, thereupon, through its counsel, made its opening statement to the jury, and called a witness on its own behalf. Before the witness was sworn, the respondent moved the court to strike the affirmative answer of the appellant, on the ground that the appellant had not pleaded that it had complied with the statutes relative to dealers in nursery stock. (Rem. Comp. Stat., §§ 2858, 2859) [P. C. §§ 2726, 2727]. This motion the court granted, and thereafter refused to permit the appellant to show that the respondent had himself breached the contract.

[1] It is first assigned that the court erred in striking from the pleadings the appellant's affirmative defense, and in refusing to allow the appellant to show the facts therein pleaded as a defense to the respondent's cause of action. The claim of error, we think, is well founded. The respondent's cause of action sounded in damages. He based his claim upon a breach of the very contract the appellant set up to defeat his claim. Plainly, we think that, since he relies on a breach of the contract to recover, the appellant may show a breach on his part to defeat or mitigate the amount of his recovery. The contract, if void at all, is void as to both parties, and the respondent cannot be heard to assert that it is so far valid as to furnish him with a cause of action, and so far invalid as to deprive the appellant of the right to rely upon it to defeat his cause of action.

[2] Among the bulbs the appellant agreed to deliver to the respondent was a variety of tulips known as "Flamingo". These the appellant concedes that it did not deliver, but delivered in their place a variety known as "Clara Butt". On the trial, after the respondent had testified to the substitution as one of the elements of damage suffered by him, the appellant of-

fered to show that the "Clara Butt" variety was as valuable in the markets as the variety for which they were substituted. The trial court refused to admit the testimony. The reason for the refusal is not very clearly shown in the record, but it seems to have been on the theory that the respondent was entitled to receive the variety he contracted to purchase, and that the delivery of a different variety was the equivalent of an entire failure to deliver. But such is not the rule. The respondent was suing in damages for a breach of a contract. The measure of his recovery is the damages he suffered by reason of the breach. Manifestly, if the bulbs delivered in place of the bulbs contracted for were of a value equal to the contracted bulbs, the respondent suffered no damage by the substitution. It was, therefore, error to reject the proffered testimony.

[3, 4] The court gave to the jury the following instructions:

"You are instructed under the evidence in this case that the defendant corporation contracted to deliver to the plaintiff, among other things, under contract, 15,930 flamingo bulbs. It is further admitted by the evidence in this case that the defendant did not deliver such bulbs, but did deliver a different variety. You are instructed under this set of facts the plaintiff is entitled to your verdict in this case and shall award plaintiff damages under the instructions herein given you.

"You are instructed that if you find, for the plaintiff the measure of his damages is the difference between the value of the crop of bulbs produced and the value of the crop of bulbs that would have been produced had the bulbs delivered been according to the contract, plus the amount plaintiff paid defendant on the contract, and less the expense of producing the crop that would have been produced if the bulbs had been according to contract."

These instructions are erroneous. Since the action was for damages suffered, mere proof that there was a breach of the contract, without more, did not warrant a verdict in favor of the respondent, even for nominal damages.

"This court has held that, where the action is one for damages only, there being involved no property or personal rights having value in themselves, a failure to prove substantial damages is a failure to prove the substance of the issue, and warrants a judgment of dismissal. *Woodhouse v. Powles,* 43 Wash. 617, 86 Pac. 1063, 117 Am. St. 1079, 8 L. R. A. (N. S.) 783; *Casassa v. Seattle,* 75 Wash. 367, 134 Pac. 1080.

"This view is sound for another reason; that is, the law 'does not concern itself with trifles.' *Matzger v. Page,* 62 Wash. 170, 113 Pac. 254." *Hewson v. Peterman Mfg. Co.,* 76 Wash. 600, 136 Pac. 1158.

[5] The second of the instructions was erroneous in that it instructs the jury that the respondent may recover, in addition to the difference between the value of the crop of bulbs produced and the value of the crop of bulbs that would have been produced had the bulbs been according to the contract, the sum he paid upon the contract, meaning evidently the sum he had paid on the purchase price of the bulbs, as there was no testimony of other payments. But the utmost the respondent could gain from the venture had it been carried out by him was the net profits it would have made him, and, in the ascertainment of the net profits, the price of the bulbs must be included in the cost of production.

The appellant further complains that the court refused to instruct the jury that it was entitled to a credit for one-half the gross sales of the cut flowers. These sales, according to the respondent's own testimony, amounted to as much as two hundred dollars. To avoid this liability, the respondent testified to a

subsequent contract; he says that the appellant agreed to give him the flowers if he would "pip" the remainder of the bulbs. But he does not testify that he performed the part of the agreement on his part to be performed, and, since the appellant denied that any such agreement was entered into, the question was at best one for the jury.

The remaining assignments of error we think it unnecessary to discuss in detail. Many of them arose because of the error of the trial court committed in the first instance; the error in assuming that the contract was valid in so far as it affected the rights of the respondent, but invalid as to the appellant.

[6] Since there must be a new trial, another matter must be noticed. The respondent testified that, after he found that the bulbs were not as represented, he refused to accept them and turned them back to the appellant, and it is argued that this permits a recovery of the profits the respondent would have made had the bulbs been as represented. But to this there are several answers. If the respondent had the right to refuse to receive the bulbs, his measure of damages would be the purchase price paid, plus such incidental damages as he had suffered arising from the failure to tender the character of bulbs agreed upon, not the profits he would have made had he accepted the bulbs and performed the contract on his part. Again, according to his own testimony, the tender of the return of the bulbs was made after he had begun the present action. If to tender a return was an essential element of his cause of action, he had no cause of action when the action was instituted and must fail in a recovery for that reason. But, perhaps, the best answer is that the respondent at that time could not tender back. He had received the bulbs and had planted them on ground of

which he had the sole control in virtue of a lease. This was an acceptance of the bulbs, and his remedy rests in an action for a breach of a contract of implied warranty.

[7] It is said further that the evidence is so far overwhelming in the respondent's favor that it would be an injustice to compel him to go to the expense of a re-trial of the action. But our examination of the record leads us to a different view. We can find no justification in the evidence for the somewhat large verdict the jury returned. The respondent's testimony, on the question of damages, was as follows:

"The crop of bulbs that was raised from the bulbs I got from Mr. Albertson was absolutely worthless to any wholesale grower; they could not be sold for nothing. They were absolutely worthless to any wholesale grower for the purpose that I got them for, but if they had been as they were recommended, the crop of bulbs would have brought about $4,000."

Assuming this to be competent evidence of the value of the crop of bulbs that would have been produced, there must have been deducted therefrom, (1) the unpaid part of the purchase price of the bulbs; (2) the cost of planting the bulbs; (3) the cost of their cultivation and care; and (4) the costs of their harvesting and preparation for the market. Of the amount of the 2nd, 3rd and 4th of these items, there was no evidence whatever, and on the theory on which the action was instituted there was nothing in the evidence of the respondent himself from which the jury could return any verdict. The only other evidence was that of an expert bulb grower. This witness testified, in substance, that, had the bulbs been true to name, had they been properly cultivated, and had the growing season been normal, there ought to have been, on a field of bulbs of the size the respondent planted, a profit of two thou-

sand dollars.  But here again, all the evidence was that the season was sub-normal, instead of normal, and that the respondent did not cultivate or harvest them, but abandoned them in the mid-season of their growth. Any verdict based on the testimony of this witness, therefore, should make an allowance for the inclement season, and an allowance for the cost of cultivating and harvesting the bulbs.  As there was no evidence as to these matters, there was nothing upon which the jury could base a verdict.  On any theory, therefore, it is our opinion that the evidence does not justify the verdict.

The judgment is reversed, and the cause is remanded for a new trial.

TOLMAN, MITCHELL, and MAIN, JJ., concur.