[No. 22539. Department One. September 22, 1930.]

C. D. ROBINSON, *Appellant*, v. BARBER F. DAVIS *et al.*, *Respondents.*[1]

[1]Reported in 291 Pac. 711.

*Luby & Pearson* and *McWilliams & Weller,* for appellant.

*Williams & Cornelius,* for respondents.

PARKER, J.—The plaintiff, Robinson, seeks recovery of damages from the defendants Davis, which he alleges to have suffered as the result of their breach of a contract between him and them looking to the strengthening of the impaired financial condition of the National Bank of Oakesdale, in which they were stockholders at the time of entering into the contract and in which he then became a stockholder and its acting managing officer. The defendants demurred to the plaintiff's complaint upon the ground, among others, that the action was not commenced within the time limited by law. The superior court sustained the demurrer upon that ground, and the plaintiff electing not to plead further, final judgment of dismissal was rendered against him, from which he has appealed to this court.

For purposes of our present inquiry, we think the facts may be sufficiently summarized as follows: About December 26, 1925, the defendants, being stockholders in the bank, urged the plaintiff to become interested financially in and as active manager of the bank. The national bank examiner had required paper of considerable face value, which was carried on the books of the bank as assets, to be charged off to a stockholders' liability account which the examiner required to be paid on or before January 26, 1926. This and other impairment of the bank's finances had caused an assessment of $50 per share to be levied against the stock of the bank. Martin, the then cashier of the bank, was the owner of 160 shares of the bank's stock, and was unable to pay his assessment thereon. A meeting of persons interested had been called for December 26, 1925,

at Colfax, to consider possible methods of relief for the bank. The defendants urged the plaintiff to attend that meeting and to take over Martin's stock and assume the assessment liability thereon. The meeting was accordingly held, but no definite arrangements were worked out there. The meeting was adjourned to meet the following day, December 27, 1925, at the Federal Reserve Bank in Spokane. The meeting was accordingly held at that time and place, plaintiff and defendants being present, together with others interested.

It was then agreed between the plaintiff and the defendants that the plaintiff should take over the Martin stock, assume the assessments thereon, and also become the active manager of the bank; and that the defendants would pay into the bank $5,000 to make up a deficiency in its assets, the nature of which we need not here notice. Relying upon the promise of the defendants to pay into the bank $5,000, as they had agreed, the plaintiff at once took over the Martin stock and complied with his obligation relative thereto, and also, by consent of all concerned, took over the active management of the bank. The defendants wholly failed to pay into the bank their agreed $5,000 obligation. The bank was closed by reason of its insolvency on December 16, 1926, and then taken charge of by the bank examiner.

The contract between the plaintiff and the defendants did not, in terms, require the $5,000 to be paid into the bank by the defendants at any stated time, but manifestly it was contemplated that such payment would be made very soon, in view of the bank's then impaired financial condition. The failure of the defendants to make this payment constitutes the alleged breach of the contract resulting in the plaintiff's damage; this upon the theory that such failure was a sub-

stantial, contributing cause of the bank's ultimate insolvency.

This action was commenced on December 14, 1929. This, it will be noticed, was approximately four years after the making of the contract on December 27, 1925, and but two days less than three years after the closing of the bank on December 16, 1926. So our problem is, adopting the three-year statute of limitations, which, it is conceded, is applicable because of the contract being oral, as to whether or not the plaintiff's cause of action accrued so as to start that statute running, more than three years before the commencement of the action.

Assuming for the present that the time of the breach of the defendants' alleged contractual duty to pay into the bank $5,000 was the time of the commencement of the running of the three-year statute of limitations for the commencement of this action, we first inquire when such breach occurred. Manifestly, such breach occurred at the time contemplated by the contract that such payment should be made into the bank. We need not determine this, however, with any great degree of accuracy. It is enough for present purposes for us to determine whether such breach occurred more or less than three years before the commencement of this action on December 14, 1929.

We have seen that there was no specifically agreed time for the performance of the contract on the part of the defendants, by payment of the $5,000 into the bank; so the plaintiff would, at best, be entitled to no more than a fair application of the rule that, no time of performance being specifically agreed upon, a reasonable time for performance, under the circumstances, will be by the law presumed as intended by the parties to the contract. *McCartney v. Glassford*, 1 Wash. 579, 20 Pac. 423; *Dalk v. Black*, 119

Wash. 368, 206 Pac. 22; *Valley Fruit Co. v. Swash,* 134 Wash. 697, 236 Pac. 273; 6 R. C. L. 896; 13 C. J. 683. This being a contract to pay a specified sum of money to aid the finances of the bank in recognition of its immediate need in that behalf, it could well be argued that the contractual duty of the defendants, as alleged in the complaint, was to pay the $5,000 into the bank immediately. 6 R. C. L. 897; 13 C. J. 685. However, it is plain that the contemplated time of performance of the alleged contract on the part of the defendants was long before three years immediately preceding the commencement of this action on December 14, 1929, and that therefore the defendants' failure in that behalf constituted their then breach of the contract long before that time.

It is contended in behalf of the plaintiff that his cause of action against the defendants did not, in fact, arise until December 16, 1926, when the bank was closed and taken in charge by the bank examiner, because the plaintiff did not until that time actually suffer any damage by the breach of the contract by the defendants. That, as we have noticed, was two days less than three years prior to the commencement of this action. Our decision in *Shaw v. Rogers & Rogers,* 117 Wash. 161, 200 Pac. 1090, we think, conclusively answers this contention. That was an action against Rogers & Rogers, a corporation conducting a general insurance agency, for damages resulting from its alleged breach of a contract with Shaw to insure Shaw's property in a solvent insurance company. The contract was breached by insuring it in an insolvent insurance company. It was held that the damage cause of action accrued at that time, though a fire, which actually caused the damage, did not occur until long thereafter. In so holding, we said:

"The breach of duty occurred when the respondent corporation failed to write the insurance in a solvent company, and not when the damages arising from the fire accrued. It is true that the amount of damages which could have been recovered had the action been brought immediately upon the breach of the duty, and the amount which was susceptible of the recovery after the fire were different, but it is not material that all the damages resulting from the act should not have been sustained at the time the breach of duty occurred, and the running of the statute is not postponed by the fact that actual or substantial damages do not occur until a later date."

The following of our decisions are in harmony with this view of the law: *Cornell v. Edsen,* 78 Wash. 662, 139 Pac. 602, 51 L. R. A. (N. S.) 279; *Smith v. Berkey,* 134 Wash. 348, 235 Pac. 793; *Schirmer v. Nethercutt,* 157 Wash. 172, 288 Pac. 265; see, also, 37 C. J. 863, and citations. Our decision in *Ingalls v. Angell,* 76 Wash. 692, 137 Pac. 309, is cited and relied upon by counsel for the plaintiff. When read superficially, that decision may seem to lend some support to their contention here made. That was a suit upon a warranty, and the question was as to when it was breached. The warranty related to a future event. In holding that the cause of action accrued upon the breach of the warranty caused by the failure of the occurrence of the warranted future event, it was said:

"The next question is, when did the cause of action accrue? If the warranty pleaded was intended only to warrant that the *trees* sold were *Carman,* the action was not instituted within the three year period. On the other hand, if it were intended to warrant that the trees sold would *produce Carman peaches,* then the action was begun in time. In the latter case, the warranty would relate to a future event by which it could be determined from the fruit grown the character thereof. The general rule is that a warranty as to kind or quality is broken when made, and the statutory

period is computed from the date of the sale. But if the warranty related to a future event by which its truth could be ascertained, the warranty would not be broken until the happening of such future event.''

Thus, we think, it plainly appears that that case is not controlling in our present inquiry.

■ Counsel for the plaintiff invoke the general rule adopted in a number of our decisions, in harmony with several other courts, that proof of mere nominal damages will not be recognized as sufficient to warrant the rendering of a judgment in favor of the plaintiff. The rule is stated in *Ketchum v. Albertson Bulb Gardens,* 142 Wash. 134, 252 Pac. 523, as follows:

"Since the action was for damages suffered, mere proof that there was a breach of the contract, without more, did not warrant a verdict in favor of the respondent, even for nominal damages.

" 'This court has held that, where the action is one for damages only, there being involved no property or personal rights having value in themselves, a failure to prove substantial damages is a failure to prove the substance of the issue, and warrants a judgment of dismissal. *Woodhouse v. Powles,* 43 Wash. 617, 86 Pac. 1063, 117 Am. St. 1079, 8 L. R. A. (N. S.) 783; *Casassa v. Seattle,* 75 Wash. 367, 134 Pac. 1080.

" 'This view is sound for another reason; that is, the law "does not concern itself with trifles." *Matzger v. Page,* 62 Wash. 170, 113 Pac. 254.' *Hewson v. Peterman Mfg. Co.,* 76 Wash. 600, 136 Pac. 1158.''

The reason of the rule therein stated, it seems to us, renders it plain that such a judgment is not denied the plaintiff for want of a cause of action, but is denied the plaintiff when only nominal damages are proven, because the law does not concern itself with trifles; so that, when the defendants in this action breached their contract by their failure to pay into the bank the $5,000 as they agreed to, there then arose in favor of the plaintiff a cause of action, though there may have then

existed an impossibility of proof of any substantial measure of damages.

We conclude that the judgment must be affirmed. It is so ordered.

MITCHELL, C. J., BEALS, MILLARD, and TOLMAN, JJ., concur.