[No. 26955. Department One. December 28, 1938.]

WILLIAM FOELKNER et al., Appellants, v. EMMA PERKINS, Respondent.[1]

[1] Reported in 85 P. (2d) 1095.

*Jozef Zelasko,* for appellants.

*Karl R. Bendetson,* for respondent.

*Evans, McLaren & Littell, amicus curiae.*

HOLCOMB, J.—This cause was initiated October 30, 1936, by appellants, the vendors, to cancel a contract of sale pertaining to certain real property, and to divest respondent of any interest therein. Judgment was entered dismissing the action with prejudice, and this appeal followed.

The essential undisputed facts are these: August 23, 1923, appellants and respondent entered into a contract of sale whereby appellants sold to respondent the following described real estate to-wit: "Lot Seven (7), Block One (1), Weatherwax and Benns Addition to Aberdeen, Grays Harbor County, Washington," otherwise known as the "Grand Central Hotel" property, for the sum of $13,000, of which $1,500 was paid coincident with the execution of the contract and the balance was to be paid in installments of $150 per month, together with interest thereon at the rate of seven per cent per annum, payable on the first day of every month until the remaining principal and interest had been paid in full. On the same day on which the above-mentioned contract was executed, a bill of sale was made by which appellants sold to respondent certain furniture situated in the

hotel for the sum of two thousand dollars, which was paid for in full by respondent at the time of the execution of the bill of sale.

The real estate contract also provided that respondent should keep the properties described in the contract insured; that thereafter she should seasonably pay all of the taxes and assessments imposed on the premises; time was declared to be of the essence; appellants reserved the right to declare the agreement null and void in the event respondent did not make payments according to the terms of the contract; and upon the exercise of that right, all of the rights and interest of respondent in the premises would cease and determine.

Until September, 1927, respondent performed according to the terms of the contract and timely made the required monthly payments with interest. Thereafter, the payments on the principal decreased in amount and were intermittent until 1934, but respondent continued to make interest payments until August, 1934. At the time this action was instituted, the balance due on the contract was something in excess of six thousand dollars. Some of the taxes against the property were also in arrears at that time.

Appellants, feeling that, by close cooperation with respondent and by proper application of the revenues derived from the hotel, they could avoid the loss of the property, called upon respondent in July, 1934. Accordingly, at that time, appellants and respondent made an oral agreement, to be effective for a period of two years until July, 1936, by which they modified the above-mentioned written contract so as to permit appellants to collect the monthly rentals from the first floor of the hotel and to apply the same to the payment of interest and taxes. Appellants collected rentals in the sum of ninety dollars per month, be-

ginning July, 1934, for thirty-one months, totaling $2,700, and made disbursements from the amount thus collected in payment of taxes, dated back to 1932, on the property in the sum of $886.08, on insurance in the sum of $204.50, a certain amount on miscellaneous improvements, and the residue of the rental payments was applied on the principal and interest and on improvements upon the hotel property.

Respondent renovated the first floor and arranged quarters for a store and a restaurant, and made rather extensive improvements in the hotel in order to obtain a greater income from the building. Respondent testified that she had paid out in taxes and principal and interest, a total of over $19,000.

The testimony is conflicting in regard to the arrangement made after the expiration of the oral modification agreement in July, 1936. Respondent testified that in July, 1936, a second oral agreement was made whereby Foelkner agreed to continue the oral modification agreement of July, 1934, until a sale could be made at the earliest opportunity satisfactory to both parties, and a division of the proceeds of such sale made between the parties as their respective interests might appear. She also testified that in July, 1936, Foelkner said, "You can't afford to lose this and neither can I." Foelkner denied making any agreement in July, 1936, for a further extension of time, and asserted that the arrangement made in July, 1934, had expired.

September 4, 1936, appellants served upon respondent a written notice notifying her to pay the balance due or to surrender the premises. Appellants insisted that respondent was not making payments according to the terms of the contract, and therefore prayed for judgment divesting respondent of any and all rights

in the premises and that appellants be vested with fee simple title.

During the time covered by the first oral agreement, and even after its expiration, respondent continued to devote all of her efforts to the management and improvement of the hotel. Respondent testified that in April, 1936, she expended $150 for cleaning, papering, and painting the hotel rooms so as to make them more inviting to tenants. Moreover, even after the expiration of the period of time covered by the first oral agreement, respondent continued to collect the rentals from the first floor of the hotel. These attendant circumstances corroborate respondent's statement respecting a second oral agreement for a further extension of the oral agreement of July, 1934. In addition, the trial court had the opportunity to view the witnesses, and to observe their demeanor, and he concluded that a second oral agreement had been made as indicated by respondent's testimony. In view of these facts, we are not disposed to disturb the findings of the trial court.

It is necessary to determine, however, if the oral modification is void because of indefiniteness, of lack of consideration and mutuality of obligation, and of the statute of frauds.

It will be conceded that a contract to be enforcible must be reasonably certain as to its terms and duration. *Clements v. Cook*, 112 Wash. 217, 191 Pac. 874. The contract in question clearly provided for the collection of monthly rentals from the first floor of the hotel, and the application of such moneys to the payment of obligations arising under the written contract. The agreement is also not rendered fatally defective because no definite time limit is fixed within which the property must be sold; under these circumstances, the law implies a reasonable time for perform-

ance, but it is not necessary to determine that question here.    The contract is sufficiently definite.

In *Merchants Bank of Canada v. Sims,* 122 Wash. 106, 209 Pac. 1113, we stated:

"The fact that an agreement does not fix a definite time when money should be returned, advanced or repaid would not make the contract fatally defective for uncertainty or indefiniteness.    The general rule is that, where a thing is to be done and no time is fixed, it will be presumed that a reasonable time was intended."

See, also, *Beckman v. Brickley,* 144 Wash. 558, 258 Pac. 488; *Robinson v. Davis,* 158 Wash. 556, 291 Pac. 711; *Irwin v. Pacific Fruit & Produce Co.,* 188 Wash. 572, 63 P. (2d) 382; *Bullock v. Parsons,* 193 Wash. 79, 74 P. (2d) 892.

It is recognized that a subsequent oral agreement which does not form any part of the original contract is of no force and validity unless it is supported by a new consideration.    *Wright v. Tacoma,* 87 Wash. 334, 151 Pac. 837; *Inman v. Roche Fruit Co.,* 162 Wash. 235, 298 Pac. 342.    We are not concerned, however, in inquiring into the adequacy of the consideration, but the presence of a consideration is essential.    *Mowbray Pearson Co. v. Stanton Co.,* 109 Wash. 601, 187 Pac. 370, 190 Pac. 330.

The permission granted by the vendee to the vendors to collect the rentals from the first floor conferred a distinct benefit upon appellants, and the refraining from such rental collections by respondent evidenced the surrender of a substantial right.    The agreement was supported by a valid consideration, and there was mutuality.    *Tindall v. Northern Pac. R. Co.,* 58 Wash. 118, 107 Pac. 1045; *Merchants Bank of Canada v. Sims, supra.*

Finally, this oral modification agreement does not fall within the ban of Rem. Rev. Stat., § 5825 [P.

C. § 7745], the statute of frauds, which provides that every agreement that is not to be performed within one year from the making thereof must be in writing, for the reason that there has been a substantial part performance by virtue of the rental collections by appellants.

In *Oregon & Washington R. Co. v. Elliott Bay Mill & Lumber Co.*, 70 Wash. 148, 126 Pac. 406, we said:

"Some contention is made by appellant to the effect that the contract of modification is void because it was oral, that the original lease was required by law to be in writing, and that any contract of modification to be valid should also be in writing. There were written memoranda of the modification contract, not executed by all the parties. Conceding the contract to have been entirely oral, it clearly appears that it had been partially performed, that respondents ceased paying rent to appellant, and that they did pay to Kinnear and the Brawleys, by whom they were then permitted to remain in possession, a concession which otherwise would not have been made. As the oral modification contract has been partially performed and was recognized by subsequent forbearance of the appellant railroad company, in that it neither demanded nor collected rents, the rule for which appellant now contends can have no application to the facts before us."

See, also, *Gerard-Fillio Co. v. McNair*, 68 Wash. 321, 123 Pac. 462; *Clements v. Cook, supra.*

The second oral modification agreement was made, is still in force and sufficiently definite, supported by consideration, attended by mutuality, falls without the purview of the statute of frauds, and therefore must be upheld.

The judgment is affirmed.

STEINERT, C. J., BLAKE, MAIN, and ROBINSON, JJ., concur.