# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| THE EVERETT CLINIC, PLLC, a Washington limited liability company,<br><br>Respondent,<br><br>v.<br><br>PREMERA, a Washington corporation, and PREMERAFIRST, INC., a Washington corporation,<br><br>Appellants. | No. 81684-5-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |
| PREMERA, a Washington corporation, and PREMERAFIRST, INC., a Washington corporation,<br><br>Appellants,<br><br>v.<br><br>THE EVERETT CLINIC, PLLC; EASTSIDE FAMILY MEDICINE CLINIC, P.S.,<br><br>Respondents. | |

APPELWICK, J. — Premera appeals from orders granting defendants EFMC's and TEC's CR 12(b)(6) motions to dismiss. It asserts the trial court erred in dismissing its complaint for breach of contract requesting declaratory relief. It further asserts the trial court erred in awarding attorney fees and costs. We

Citations and pin cites are based on the Westlaw online version of the cited material.

reverse the dismissal of Case II, vacate the award of attorney fees, and remand for further proceedings consistent with this opinion.

FACTS

The dispute at issue involves four parties and three agreements. Premera and its affiliate, PremeraFirst, Inc., (collectively "Premera"), provide health care coverage and related services in Washington. Premera negotiates contracts with health care providers to provide services to its health plan enrollees. The Everett Clinic, PLLC (TEC) is a physician group operating multiple sites in Snohomish and King Counties. TEC and Premera entered into an agreement under which TEC provides services to Premera enrollees and Premera reimburses TEC at agreed upon rates (TEC Agreement).

Premera also had an agreement (EFMC Agreement) with a single site group practice, Eastside Family Medicine Clinic, PC (EFMC). Premera reimbursed TEC under the TEC Agreement at a higher rate than it reimbursed EFMC under the EFMC Agreement.

In December 2018, TEC purchased certain assets from EFMC (TEC-EFMC Asset Sale Agreement), including its medical clinic site lease (Bellevue clinic). TEC also hired physicians and other employees of EFMC.

After the asset sale, TEC and Premera disagreed over the rate that Premera was required to reimburse TEC for Bellevue clinic services: the TEC Agreement rate or the EFMC Agreement rate.

A. <u>Case I: TEC Complaint</u>

In September 2019, TEC filed a complaint against Premera for breach of the TEC Agreement (Case I). It did not include EFMC as a defendant. It sought declaratory relief to enforce the terms of the TEC Agreement for services provided at the Bellevue clinic.

In its answer, Premera asserted four counterclaims: (1) breach of the TEC Agreement by TEC, (2) breach of the EFMC Agreement by EFMC, (3) tortious interference with the EFMC Agreement by TEC and the doctors who previously owned EFMC (Doctors), and (4) violation of Washington's Consumer Protection Act, RCW 19.86.020, against TEC. As an affirmative defense, it asserted that TEC is bound by the EFMC Agreement under the successor liability doctrine. It did not assert its second counterclaim against TEC, the opposing party to its suit.

EFMC filed a motion to dismiss Premera's claims against EFMC and the Doctors. EFMC argued the Doctors could not have tortiously interfered with their own contract. It further argued that the breach of contract counterclaim against EFMC should have been pleaded as a counterclaim against an opposing party and EFMC should have been added as a third party to that counterclaim. The trial court granted its motion. It dismissed the breach of contract claim against EFMC, dismissing EFMC from the case, without prejudice. It dismissed the Doctors with prejudice.

Before the counterclaims were dismissed, Premera moved to amend its complaints twice. Its first motion to amend sought to add TEC and the Doctors to its counterclaim against EFMC for breach of the EFMC contract. The trial court

3

denied the motion without prejudice. Its second motion sought to add a claim against TEC for breach of the EFMC Agreement. The trial court denied the second motion and awarded TEC its attorney fees and costs associated with the motion.

B. Case II: Premera Complaint

Premera subsequently initiated a separate suit against EFMC for breach of the EFMC Agreement and TEC for breach of the EFMC and TEC Agreements under a successor liability theory (Case II). It alleged that pursuant to the TEC-EFMC Asset Sale Agreement, TEC acquired EFMC's business operations and those operations continued largely the same as before the transaction. It argued the Asset Sales Agreement was a de facto merger or consolidation and that the current Bellevue clinic is a mere continuation of EFMC. Further, it argued the parties structured TEC's acquisition of EFMC as a transfer of assets, rather than as a merger, for the fraudulent purpose of escaping EFMC's contractual obligations to Premera.

The complaint sought a declaratory judgment that "the EFMC Agreement continues in full force and effect" and "TEC has breached the TEC Agreement and the EFMC Agreement."

Premera moved to consolidate the two cases. The trial court consolidated the two lawsuits, but the cases retained their separate identities. TEC then moved to dismiss Premera's claims in Case II, enforce the trial court's prior orders in Case I, and for sanctions. EFMC also moved to dismiss Premera's claims in Case II. The trial court granted their motions. TEC moved for an award of its attorney fees

4

and costs incurred in Case II.  The trial court granted the motion, awarding TEC's requested fees and costs, finding Premera initiated the lawsuit in bad faith.

Premera appeals.

DISCUSSION

Premera asserts that the trial court erred in granting the defendants' CR 12(b)(6) motions to dismiss.  It argues the court further erred in awarding TEC attorney fees.

I.  Motion to Dismiss

A trial court's ruling on a motion to dismiss for failure to state a claim upon which relief can be granted under CR 12(b)(6) is a question of law and is reviewed de novo by an appellate court.  Cutler v. Phillips Petroleum Co., 124 Wn.2d 749, 755, 881 P.2d 216 (1994).  Courts should dismiss a claim under CR 12(b)(6) only if it appears beyond a reasonable doubt that no facts exist that would justify recovery.  Id.  In making this determination, a court must consider hypothetical facts proffered by the plaintiff.  Gorman v. Garlock, Inc., 155 Wn.2d 198, 214, 118 P.3d 311 (2005).  "[A]ny hypothetical situation conceivably raised by the complaint defeats a CR 12(b)(6) motion if it is legally sufficient to support [the] plaintiff's claim."  Id. (first alteration in original) (quoting Bravo v. Dolsen Cos., 125 Wn.2d 745, 750, 888 P.2d 147 (1995)).

Premera's complaint sought to resolve the rights of the parties under the three agreements.  It requested a declaration that the EFMC Agreement was "in full force and effect."  It also sought a declaration that "TEC has breached the TEC Agreement and the EFMC Agreement."  TEC and EFMC disagree with Premera

5

over whether the TEC Agreement or the EFMC Agreement governs the reimbursement rate for services provided at the Bellevue clinic. This may depend upon whether the existence or contents of the TEC-EFMC Asset Sales Agreement means that TEC is a successor to EFMC.

To obtain declaratory relief, a party must satisfy certain threshold requirements. Bloome v. Haverly, 154 Wn. App. 129, 140, 225 P.3d 330 (2010). One such threshold requirement is the existence of a justiciable controversy between the parties. Id. A justiciable controversy is (1) an actual, present, and existing dispute, or the mature seeds of one, as distinguished from a possible, dormant, hypothetical, speculative, or moot disagreement, (2) between parties having genuine and opposing interests, (3) which involves interests that must be direct and substantial, rather than potential, theoretical, abstract, or academic, and (4) a judicial determination of which will be final and conclusive. Id. at 140-41. It is clear that here a justiciable controversy exists. A judicial determination of the legal effects of the agreement would provide a conclusive answer to the question presented by the controversy.

The Uniform Declaratory Judgment Act (UDJA) provides that a "contract may be construed either before or after there has been a breach thereof."[1] RCW

---

[1] Premera does not mention the UDJA in its complaint. It first invokes it at the hearing on the motions to dismiss, stating,

> [L]et me be clear about the declaratory judgment claim. When somebody receives a bill that says you owe this money, at that point it is absolutely black letter law that that claim is ripe for disposition under the [UDJA]. There is a justiciable controversy for you to decide.

Declaratory judgment actions are governed by the UDJA, which provides that a person interested under a written contract "may have determined any question of

7.24.030. But, EFMC argues that declaratory relief in the form of a declaration of rights under the contract is not available under Jacobsen v. King County Medical Service Corp., because Premera alleged an existing breach. See 23 Wn.2d 324, 327, 160 P.2d 1019 (1945) (holding declaratory judgment may not be invoked where alleged breach occurred; redress by action for breach of contract was sufficient). But, Jacobsen and its line of cases have not been good law since the Ronken v. Board of County Commissioners of Snohomish County, 89 Wn.2d 304, 310, 572 P.2d 1 (1977), decision in 1977.[2] The availability of declaratory relief is controlled by CR 57, which provides in part that "[t]he existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate."

Here, declaratory relief is appropriate. There are clearly questions of law about the respective contracts that bear on the outcome and that could be resolved by a declaration of rights. A declaration of rights could prevent a breach and damages, or it could determine there was no breach. It could also determine whether there was successor liability, depending upon resolution of certain factual issues.

---

construction or validity arising under" the contract and "obtain a declaration of rights, status, or other legal regulations thereunder." RCW 7.24.020.

[2] See Ronken, 89 Wn.2d at 310 (holding Reeder and those cases following it no longer control on the issue of whether declaratory relief is available after the adoption of CR 57); Reeder v. King County, 57 Wn.2d 563, 564, 358 P.2d 810 (1961) (relying on Jacobsen for assertion that a plaintiff is not entitled to declaratory relief if a completely adequate remedy is available); New Cingular Wireless PCS, LLC v. City of Clyde Hill, 185 Wn.2d 594, 605, 374 P.3d 151 (2016) (agreeing that the bar in Reeder was changed by CR 57) (citing Ronken, 89 Wn.2d at 310).

TEC argued in opposition to Premera's efforts to amend its answer in Case I that TEC could not have successor liability until after a breach by EFMC was determined and that successor liability could not be created only transferred. Washington adheres to the general rule that a corporation purchasing the assets of another corporation does not become liable for the debts and liabilities of the selling corporation. Cambridge Townhomes, LLC v. Pac. Star Roofing, Inc., 166 Wn.2d 475, 481-82, 209 P.3d 863 (2009). The trial court appears to have relied on that general rule. But, an exception to this rule may exist on one of four grounds: (1) there is an express or implied agreement for the purchaser to assume liability; "'(2) the purchase is a de facto merger or consolidation; (3) the purchaser is a mere continuation of the seller; or (4) the transfer of assets is for the fraudulent purpose of escaping liability.'" Id. at 482 (quoting Hall v. Armstrong Cork, Inc., 103 Wn.2d 258, 262, 692 P.2d 787 (1984)). The complaint appears to raise questions of fact as to whether exceptions 2, 3, and 4 apply. Dismissal under this argument was at odds with the case law.

The trial court stated that Premera did not "prove" breach and damages. But, Premera did not have to "prove" breach or damages to survive a CR 12(b)(6) motion to dismiss. It had to allege only legally sufficient hypothetical facts to support its claim. Gorman, 155 Wn.2d at 214. Here, it cannot be said beyond a reasonable doubt that no facts exist that would justify recovery. See Cutler, 124 Wn.2d at 755. The complaint does not fail to state a claim on which relief can be based.

8

It is true that, where the action is one for damages only, there being involved no property or personal rights having value in themselves, a failure to prove substantial damages is a failure to prove the substance of the issue, and warrants a judgment of dismissal. Ketchum v. Albertson Bulb Gardens, Inc., 142 Wash. 134, 139, 252 P. 523 (1927); see also Jacob's Meadow Owners Ass'n v. Plateau 44 II, LLC, 139 Wn. App. 743, 754, 162 P.3d 1153 (2007). But, Premera sought declaratory relief, not damages. As a general rule, every breach of contract gives rise to a cause of action, even when the aggrieved party has not suffered any actual damage. Jacob's Meadow, 139 Wn. App. at 754. And, it was clear that the damages Premera sought to avoid incurring were the payment of higher reimbursement rates than those for which it had contracted.

Here, the record is clear that Premera was trying to get all the parties and contracts in the same proceeding. Its efforts to do so in Case I were unsuccessful. It filed its complaint, then promptly moved to consolidate it with Case I so they would be tried together. Premera was able to so move because Case I was still pending. And, because the claims against TEC in Case II are merely an enumeration of what Premera undertook to prove in Case I through its affirmative defense, no new burden was placed on TEC as a result.[3] The result is that any

---

[3] TEC brought its motion to dismiss the same day the cases were consolidated. It did not oppose Premera's motion to consolidate. There was no separate litigation that necessitated filing the motion to dismiss and expending in excess of $50,000 bringing that motion.

concerns over claim splitting or harms from claim splitting were obviated when the case was consolidated.[4]

These arguments did not merit dismissal under CR 12(b)(6). Dismissal on 12(b)(6) grounds was error. We reverse the dismissal as to both parties.

II. <u>Attorney Fees Below</u>

Next, Premera argues the trial court erred in granting TEC's motion for attorney fees and costs. The grant of attorney fees against Premera was based on a finding of bad faith in filing its complaint.

A trial court has the authority to impose sanctions, including attorney fees, under its inherent equitable powers to manage its own proceedings. <u>State v. Gassman</u>, 175 Wn.2d 208, 210-11, 283 P.2d 1113 (2012). Its inherent authority to sanction litigation conduct is properly invoked upon a finding of bad faith. <u>State v. S.H.</u>, 102 Wn. App. 468, 475, 8 P.3d 1058 (2000). Decisions on sanctions are reviewed for abuse of discretion. <u>Gassman</u>, 175 Wn.2d at 210.

Because the dismissal on CR 12(b)(6) grounds was error, awarding fees on litigating the dismissal was an abuse of the court's discretion. We vacate the award of fees to TEC.

---

[4] "Filing two separate lawsuits based on the same event—claim splitting—is precluded in Washington." <u>Landry v. Luscher</u>, 95 Wn. App. 779, 780, 976 P.2d 1274 (1999). Res judicata bars such claim splitting if the claims are based upon the same cause of action. <u>Ensley v. Pitcher</u>, 152 Wn. App. 891, 899, 222 P.3d 99 (2009). The threshold requirement of res judicata is a valid and final judgment on the merits in a prior suit. <u>Id.</u>

III. <u>Attorney Fees On Appeal</u>

Finally, TEC requests attorney fees and costs on appeal on several grounds. Reasonable attorney fees are recoverable on appeal if allowed by statute, rule, or contract and properly requested under RAP 18.1. <u>In re Guardianship of Wells</u>, 150 Wn. App. 491, 503, 208 P.3d 1126 (2009). TEC contends that it is entitled to costs under RAP 14.2 if it substantially prevails on appeal. TEC further asserts that it is entitled to an attorney fee award under RAP 18.9 and RCW 4.84.185 because Premera filed a frivolous appeal. An appeal is frivolous if there are no debatable issues on which reasonable minds can differ and it is so totally devoid of merit that there was no reasonable possibility of reversal. <u>In re Recall of City of Concrete Mayor Robin Feetham</u>, 149 Wn.2d 860, 872, 72 P.3d 741 (2003).

Premera's appeal was not frivolous and TEC has not substantially prevailed on appeal. Accordingly, we decline to award TEC attorney fees and costs on appeal.

We reverse the dismissal of Case II, vacate the award of attorney fees, and remand for further proceedings consistent with this opinion.

_Appelwick, J._

WE CONCUR:

_Colburn, J._          _Andrus, A.C.J._

11