Charles O. BARTON and Chandos A. Hoskyns, Special Administrators of the Estate of Flora B. Barton, deceased, Plaintiffs in Error,

v.

Tono L. HOOKER, Administrator of the Estate of Lucy H. Hooker, deceased, Defendant in Error.

No. 35707.

Supreme Court of Oklahoma.

March 22, 1955.

Rehearing Denied May 24, 1955.

Milsten, Milsten, Johnston & Morehead, F. A. Bodovitz, Lewis C. Johnson and Manatt, Knight & Knight, Tulsa, for plaintiffs in error.

G. C. Spillers and G. C. Spillers, Jr., Tulsa, for defendant in error.

WILLIAMS, Justice.

Plaintiff, Tono L. Hooker, Administrator of the Estate of Lucy H. Hooker, deceased, brought this action against the defendants, Charles O. Barton, and Chandos A. Hoskyns, Special Administrators of the Estate of Flora B. Barton, deceased, seeking to recover certain items of United States currency which had been found in a safe deposit box belonging to Flora B. Barton after her death.

Plaintiff's petition alleges that Lucy H. Hooker during her lifetime was the owner of $6,320.21 in United States currency which was deposited in the safe deposit box of Flora B. Barton in The First National

Bank and Trust Company of Tulsa, Oklahoma, in an envelope bearing notation "Personal, Lucy H. Hooker or Tono L. Hooker", *$1,501* in United States currency which was likewise deposited in said safe deposit box in an envelope bearing the notation "Peoples Bank, Lucy $1,192.02, 12–28–48. $20 medicine.", $2,250 in United States currency which was deposited in the safe deposit box of Flora B. Barton in the Peoples State Bank of Tulsa, Oklahoma, in an envelope bearing the notation "2,250.00 Flora B. Barton or Lucy H. Hooker, Ck. for lot Church of the Open Door", and $500 which was deposited in said safe deposit box in the Peoples State Bank of Tulsa, Oklahoma, in an envelope bearing the notation "Church Open Door for lot date Feb. 28, F. B. B." and "Flora B. Barton or T. L. Hooker.", and prays that defendants be required to surrender all of said sums of money to plaintiff as administrator of the estate of Lucy H. Hooker, deceased.

After a trial to the court, a jury being waived, judgment was rendered for plaintiff for the $6,320.21 item and the $2,250 item and for defendants as to the *$1,051* item and the $500 item. Defendants appeal from the judgment against them on the $6,320.21 item and the $2,250 item and those are the only items involved in this appeal.

With respect to the $6,320.21 item, the only proposition urged by defendants as grounds for reversal is that there is no evidence in the record establishing that the $6,320.21 item was actually in the safe deposit box, since the inventory of the safe deposit box is not in the record. It appears from the record that it was stipulated at the trial that the inventory of the contents of the safe deposit box in the First National Bank and Trust Company of Tulsa, Oklahoma, might be introduced in evidence. However, such inventory does not appear in the record. On March 8, 1954, however, counsel for the parties hereto entered into a stipulation which has been filed with the clerk of this court, stating that an exhibit, which was the inventory in question and which disclosed that in the safe deposit box was an envelope containing $6,320.21 in United States currency and bearing the notation, "Personal, Lucy H. Hooker or Tono L. Hooker," was through inadvertence omitted from the case-made herein. We therefore regard this proposition as abandoned and the judgment of the trial court is affirmed as to the $6,320.21 item.

With respect to the remaining item, defendants contend that the judgment of the trial court based on the finding that the sum of $2,250 found in Flora B. Barton's safe deposit box in an envelope with the notation "2,250.00, Flora B. Barton or Lucy H. Hooker, check for lot Church of the Open Door", was the property of Lucy H. Hooker is against the clear weight of the evidence and should therefore be reversed.

The evidence reveals that Lucy H. Hooker and Flora B. Barton were sisters and had lived together for many years in Flora B. Barton's home. Lucy H. Hooker was the older of the two sisters, a widow, and had little, if any, income of her own. The son, Tono L. Hooker, also lived in Flora B. Barton's home. Flora B. Barton was a single woman and owned a considerable amount of real property and had a substantial amount of income. In 1945 Miss Barton is alleged to have made, executed and delivered two deeds covering all of her real property to her sister, Lucy H. Hooker. These two deeds were not recorded, however, during the lifetime of either of the two sisters. Mrs. Hooker died in 1949, and Miss Barton died in 1950. After the death of Miss Barton the two deeds were placed of record, and their validity is the subject matter of a companion case, Hoskyns v. Hooker, Okl., 283 P.2d 1109.

In 1948 Miss Barton sold one of the lots which had been included in the deeds above mentioned to the Church of the Open Door for an agreed price of $2,750. The representatives of the church gave Miss Barton two checks, payable to her, in payment for the lot, the first being the down payment in the amount of $500, dated February 28, 1948, and the second being the balance in the amount of $2,250, dated October 1, 1948.

Miss Barton executed and delivered to the church a general warranty deed covering the lot.

After Miss Barton's death, there was discovered in her safe deposit box in the Peoples State Bank of Tulsa, two packages of United States currency. The first containing $2,250 and bearing a notation in the handwriting of Miss Barton "2,250.00 Flora B. Barton or Lucy Hooker, Ck. for lot Church of Open Door", and the second containing $500 and bearing a notation in the handwriting of Miss Barton "Church Open Door for lot date Feb. 28, F. B. B." and "Flora B. Barton or T. L. Hooker."

The safe deposit box in which these packages of currency were found had been the jointly owned box of Flora B. Barton and Lucy H. Hooker prior to Lucy H. Hooker's death.

The trial court upheld the validity of the deeds to Lucy H. Hooker in the companion case of Hoskyns v. Hooker, supra, and concluded in the case at bar that since the property sold to The Church of the Open Door was the property of Lucy H. Hooker, the proceeds of such sale belonged to the estate of Lucy H. Hooker, deceased, unless she had given the proceeds to someone else prior to her death. The court then found that the $2,250 item in question was identified as the proceeds of the check given by the Church of the Open Door as final payment on the lot and that since there was no evidence that Lucy H. Hooker had given this money to anyone else, it rightfully belonged to her estate. We think the evidence amply supports such findings, and since we have this day affirmed the validity of the deeds to Lucy H. Hooker in the case of Hoskyns v. Hooker, supra, it follows that the judgment in the instant case should be and is affirmed.

JOHNSON, C. J., and WELCH, CORN, DAVISON, HALLEY, BLACKBIRD and JACKSON, JJ., concur.