By the Court, Leonard, J.
The grandchildren were interested, as remaindermen, in every portion of the estate of Isaac Peck, their grandfather. Although there was no divided interest in any specific property in which the grandchildren had a present or future estate, at the time the contract was made, they had an interest in the property in question capable of being ascertained whenever the prior estate should terminate. The estate of the executors or trustees under the will terminated when that of the grandchildren began. The trustees could not, .and did not, represent the future estate of the grandchildren at the date of the foreclosure action. Their interest might have been foreclosed by making them parties to the action of foreclosure, and by a decree of the court, and a sale thereunder. They were not, however, parties to the action, and them right to assert their title, at the proper time, remains outstanding. The present insolvency of the estate of Isaac Peck does not affect the question. The lands were his at the time of his death, subject to *31 the mortgages, and the equity of redemption passed to the legatees under his will. Their right of redemption has been foreclosed, but not the right of the grandchildren. The value of the property may be largely enhanced when the grandchildren become entitled' to demand their rights, upon the termination of the prior estate for life. I can perceive no legal impediment to the assertion of their right to redeem, when that period arrives. Hence the title which the defendants contracted to convey was not free and clear of all incumbrance, and the plaintiff rightfully refused to accept the deed.
[First Department, General Term, at New York,
November 4, 1872,
Ingraham, Gilbert and Leonard, Justices.]
The defendants were liable in damages as upon a breach of their contract. The damages were liquidated, under the contract of sale, at $5,000.
The decision of the General Term, when this case was before the court on a former occasion, (50 Barb. 616,) is conclusive now, on the question of damages.
The judgment must be affirmed, with costs.