## HARRIMAN v. MEYER.

1. **TENDER:** *Ground of refusal: Estoppel.*

Where payment of a purchaser's bid for property sold at auction is tendered in an order on a third party, and is refused by the owner of the property on the sole ground that the sale was for an inadequate price, he cannot in a subsequent suit for the property object that the tender was not in ready money.

2. **ESTOPPEL:** *By conduct.*

When a party gives a reason for his conduct and decisions touching anything involved in a controversy, he cannot after litigation has begun change his ground and put his conduct on another and different consideration; especially where his real objection, if made in time, could have been obviated.

APPEAL from *Chicot* Circuit Court.

Hon. J. M. BRADLEY, Circuit Judge.

This was replevin by Meyer against Harriman for two mules. The opinion states the case.

*D. H. Reynolds* for Appellant.

Meyer failed to prove title to the mules or right to possession; but proved by award of arbitrators an order or award that the mules should be sold to pay a debt due him, the sale to be made by a commissioner; and then proved a sale and purchase by Appellant, and his own refusal to accept proceeds of the sale. That the sale was regular and completed and the property delivered, is clear, taking all the testimony.

If the sale were good Harriman got title and right of possession. If not good, then only the commissioner was entitled to possession and not Meyer.

*U. M. & G. B. Rose* for appellee.

Plaintiff was entitled to maintain replevin for possession under his mortgage. *28 Ark., 191.* The order of the arbitrators provided for a sale at public auction. This meant a sale for cash. *37 Id., 39.* A sale for cash means a sale for ready *money* paid down at the sale, and an order could not be taken. The sale was void. *3 Jones on Mortg., Sec. 1615; 8 How., 544; 4 Cord., 553; 2 Dan. Chy. Pl. & Pr., 4th Ed., 1275; 5 Ind., 215; 8 Blackf., 82; 14 Wis., 70.*

1. TENDER. Ground of refusal: Estoppel.

COCKRILL, C. J. It seems to have been conceded throughout that Meyer, the Appellee, had a mortgage upon a pair of mules, and he got judgment for them in replevin against the Appellant. It was proved that the mules were offered at public sale to satisfy the mortgage debt by virtue of the award of arbitrators selected to settle a controversy between the mortgagor and mortgagee. The Appellant was the highest bidder at the sale, and the mules were separately struck off to him. The sale was for cash. The Appellant offered the person who had been appointed by consent of the parties to conduct the sale, and who is termed a commissioner in the record, an order on a merchant in a neighboring town in payment of his bid, which he agreed to accept. Meyer came upon the ground a few minutes after the property was knocked off to the Appellant, and the latter informed him of his agreement with the commissioner and offered to go with him to the merchant and get the money if he was not satisfied with the order. Meyer replied that he had no doubt the order was good, but that the mules had sold for an inadequate price, and he intended to have them and would not accept money itself in payment of the bid. The

commissioner delivered the mules to the Appellant and presented the order to the merchant, who offered to pay him the money due on it. Thereupon the commissioner surrendered the order and directed the merchant to hold it and the money until Meyer was ready to accept the latter. The money still remains in the merchant's hands subject to the order of Meyer or the commissioner.

Meyer's contention is that the title to the property did not pass to the Appellant because he failed to pay cash in accordance with the terms of the sale. It may be conceded that it was the Appellant's duty to pay ready money to the commissioner on the acceptance of his bid, and that the commissioner, being an agent of limited authority, had no power to bind Meyer by accepting anything else in lieu of it. But Meyer is estopped by his conduct from setting this up to defeat the sale. While the transaction was *in fieri* and the Appellant still had the right to make good his bid by paying cash, the intended mode of payment was submitted to Meyer. He made no objection to the manner of payment, but announced that he would accept no pay because the amount of the bid was inadequate. The point that he makes now is an afterthought suggested by the pressure and exigencies of his case. Having put his objection specially upon the ground he selected, the Appellant and the commissioner had the right to presume that he waived objection to the mode of payment, and after he has lulled them to sleep upon that proposition it would be manifestly unjust to permit him to mend his hold and take advantage of it.

In the case of *Gould v. Banks & Gould, 8 Wend., 562,* the plaintiff had a cause of action against the defendant for refusing to deliver a lot of books on demand. The court ruled that it was competent for the plaintiff to waive his right of action and accept the performance of the contract, and found that he had done so because when a tender was subsequently made him, to use the language of the court, " he then put his refusal to accept not

on the former default or lapse of time, but solely on the ground that the books were unmerchantable. Upon well settled principles this was a waiver of all other objections to the tender, and if he was mistaken in this the tender was good and no bar to the suit."

The case of *Duffy v. O'Donovan, 46 N. Y., 223,* was a suit for specific performance of a contract to convey real estate. The plaintiff had until a given hour to make payment. He tendered a certified check and it was declined upon the ground that his time for payment had expired. On the trial it was urged that the tender was insufficient because not made in money. But the court say in answer to this: "It was not refused for that reason. It was rejected because not made in time, and not because the certified check was not money or legal tender. It cannot now be objected that the party could not be compelled to accept a certified check in lieu of money. He waived his right to demand the money by not asserting it at the proper time. The objection to the tender could have been obviated and therefore was waived, not having been taken."

2. Estoppel by consent.

The principle is applied in many classes of cases, but stated generally, it is this: When a person gives a reason for his conduct and decision touching anything involved in a controversy, he cannot, after litigation has begun, change his ground and put his conduct on another and different consideration. This is especially applicable where the real objection, if made, could have been obviated in time, as in this case, by the adversary party. *Railway v. McCarthy, 96 U. S., 258; Carman v. Pultz, 21 N. Y., 547; Atterson v. Bryant, 1 Comp., 409 W.; Leggett v. Mutual Life Ins. Co., 64 Barb., 23; Taylor v. Sprader, 48 N. Y., 664.*

The Court erred in overruling the motion for a new trial. Let the judgment be reversed and the cause remanded for a new trial.