RAYMOND, KEPLER & COMPANY, Appellants, v. THE McKINNEY BROTHERS & COMPANY, Respondents.

58 303
58 312

Kansas City Court of Appeals, May 14, 1894.

1. **Tender**: EXTINGUISHMENT OF DEBT: ACCRUING INTEREST: COST. The tender of an amount due will stop the accruing of interest or future damages, and if kept good by deposit in court, will save to the debtor the cost of suit; but the authorities uniformly hold that such tender will not extinguish the debt.

2. ———: CHECK, WHEN GOOD. The authorities seem to hold that a tender of money by check is good, if the only objection is that the amount was insufficient.

3. ———: DEPOSIT: PRACTICE. If before suit is commenced the debtor tender all he should pay, but fail to keep the tender good by deposit, the plaintiff is entitled to recover the amount of the tender, with no interest after the date thereof, together with the cost of the suit.

*Appeal from the Jackson Circuit Court.*—HON. JAMES GIBSON, Judge.

REVERSED AND REMANDED.

*Porterfield & Pence* for appellants.

The defendant admitted his liability for the amount of $27.40 and there was no proof of payment. There was not even proof of a good tender. Upon the undisputed facts there should have been a judgment for the plaintiffs for $27.40.

*J. B. Hamner* for respondent.

(1) Appellants argue that as respondent admits having got $27.40 more for their damaged potatoes than the freight, drayage and commission and sent them his check on a solvent bank where he had placed

the money, which was the usual and customary mode among commission merchants, therefore they are entitled to sue for a large amount, set up fraud in the transaction, repudiate the whole thing, never demand the money of the bank on the check, nor the cash of the commission merchant nor refuse the check because it is a check but refuse it because it is not large enough, and still recover because they have the check at the trial. (2) A check is a good tender if not objected to on account of its being a check, instead of cash, but is objected to on account of not being more. Chitty on Contracts [7 Am. Ed.], 800; Addison on Contracts [Morgan's Ed.], sec. 355; *Polglass v. Oliver*, 2 Cr. & J. 15; *Jennings v. Mendenhall*, 7 Ohio St. 257; *Jones v. Arthur*, 8 Dowe, P. C. 442; *Williams v. Rorer*, 7 Mo. 556; *Shipp v. Stocker*, 8 Mo. 145.

GILL, J.—The plaintiffs sued the defendant before a justice of the peace for $264, the alleged value of a car load of potatoes shipped to the defendant from North Dakota to be sold for account of the plaintiffs on the Kansas City market. The defense was, that the potatoes arrived at Kansas City in a frozen and badly damaged condition; that they only brought $27.40 over and above freight and other charges; and that defendant made a tender of this sum to plaintiffs before the institution of the suit.

As to the alleged tender, the evidence tended to prove that the defendant sent his check for the $27.40, drawn on a Kansas City bank to plaintiffs at their place of business in Dakota, and that they refused to accept the same and returned it to the defendant. But such refusal was not based on the form or quality of the tender, but for the reason that the amount thereof was not enough. The evidence tends to show that this was the usual and customary manner of

transmitting money among commission dealers at Kansas City, and that said check would have been paid at any time if plaintiffs had presented the same to the bank on which it was drawn.

As to the quality and condition of the potatoes there was evidence tending to support plaintiff's right to recover about the full amount sued for, and on the other hand testimony tending to prove that the $27.40 was all that defendant ought to be held to pay.

When the cause was tried on appeal in the circuit court, the jury, first being instructed by the court, returned a verdict for defendant; and from a judgment in accordance therewith plaintiffs appealed.

I. The trial judge, of his own motion, gave the following instruction: "If the jury believe from the evidence that defendant sent to plaintiffs the check for $27.40, read in evidence; that said check would at that time have been paid if presented and at all times since then would have been paid if presented, and would now be paid if presented; that such was the usual and customary mode of remitting for goods sold on commission by commission merchants in this city; that plaintiffs made no objection to such check as payment on account of its being a check instead of cash or exchange, then said check will be considered by you as *payment* for the amount expressed on its face."

The giving of this instruction was manifestly erroneous. It announces the startling proposition, that a tender of the amount of money shown to be due, but which the creditor declined to accept, will of itself satisfy and discharge the debt. This is not the law. The tender of an amount due will stop the accruing of interest or future damages, and if kept good by deposit in court will save to the debtor the costs of suit; but the authorities uniformly hold that such tender will not *extinguish the debt*. 2 Chitty Cont. [11 Am. Ed.],

p. 1185; Tiedeman on Sales, sec. 139. In *Cockrill v. Kirkpatrick* (9 Mo. 697), our supreme court, speaking of a tender of money, uses the following language, which is in point here: "When established it prevents the running of interest, and may save costs when the money is brought into court and deposited; but the plaintiff is, notwithstanding, entitled to his judgment for his debt, as the tender is not a satisfaction of the debt due."

We have a statute in this state fully defining the office and effect of a tender. Section 6210, 6211 and 6212, Revised Statutes, 1889, concerning suits brought before justices of the peace; also similar provisions for actions in circuit courts, sections 2937, 2938 and 2939. This controversy, originating in a justice's court, is controlled by the sections first named. It is there provided that, "in all actions where, before suit is brought, tender shall be made and full payment offered * * * as the party * * * ought to do, and the party to whom such tender shall be made doth refuse the same, and yet afterwards will sue for the debt so tendered, and the thing if in money shall be deposited before the trial of the cause shall commence with the constable of the township in which the suit is brought * * * the plaintiff shall not recover any cost in such suit, but the defendant shall recover costs, as if judgment in the cause had gone in his favor upon the merits." Section 6210. And then follows section 6211, declaring, that "where tender and no deposit shall be made, as provided in the preceding section, the tender shall only have the effect, in law, to prevent the running of the interest or accumulation of damages from and after the time such tender was made."

Admitting now (which the parties here seem to concede and which the authorities seem to hold. 2 Chitty, Cont. p. 1196; 1 Addison Cont. [Morgan's Ed.],

sec. 355; 7 Mo. 556; 8 Mo. 145) that a tender of money by check is good if the only objection is that the amount was insufficient, and we have here a case of that kind provided for, in the last quoted section, to wit: a tender before suit with no subsequent deposit. And under these circumstances the respective rights of the litigants are clearly fixed. If before the suit was commenced defendant had tendered all that he should pay, but failed to keep the tender good by deposit, then plaintiff was entitled to recover the amount of said tender, with no interest after date thereof together with costs of suit.

For reasons here assigned the judgment must be reversed and cause remanded.   All concur.