## T. L. BECKHAM, Respondent, v. D. J. PUCKETT, Appellant.

### St. Louis Court of Appeals, April 23, 1901.

1. **Tender: CERTIFIED CHECK: TESTIMONY.** A certified check can be read in evidence as a tender of payment of money, when it appears from the evidence that no objection was made to the tender on the ground that it was in the form of a certified check and not in money itself.

2. **Bond: JUDGMENT: DAMAGES: EXECUTION.** A technical defect in a judgment on a bond because judgment was not rendered for the full penalty named in the bond, is not available to defendant inasmuch as he could not be prejudiced by having a judgment against him for a lesser amount than should have been rendered according to the terms of the bond in suit, and for the further reason that the execution will be necessarily restricted to the damages assessed by the jury for which actual judgment was given.

Appeal from Crawford Circuit Court.—*Hon. Leigh B. Woodside,* Judge.

AFFIRMED.

Beckham v. Puckett.

STATEMENT OF THE CASE.

This is a suit upon a bond for title to land, executed by the defendant on the thirteenth day of November, 1897, whereby he undertook to convey an undivided three-fourths interest in 262.65 acres of land by warranty deed, upon the payment to him by the obligees, John R. and William F. Coleman, of the sum of $1,300 within five years thereafter and the annual payment of $126 as rent of the land and interest. The title bond contained a provision that it should become void if such rent and interest were not paid as stipulated therein. It was assigned by mesne assignments to plaintiff. There was evidence tending to show that the defendant obligor, when the amount due him under said bond was tendered in the form of a certified check, declined to make a warranty deed, but offered to execute a quitclaim deed to the said land. According to the testimony for respondent, plaintiff accepted this proposition; according to the theory of plaintiff, this proposal was not accepted by him but all the obligations of the title bond were unreleased and accrued to him as the assignee thereof. The plaintiff's evidence tended to support this contention. The case was submitted to the jury, who assessed damages to the plaintiff at $500. Defendant appealed.

*Harry Clymer* for appellant.

(1) The judgment of the court is erroneous for the reason that it is not responsive to the pleadings. If respondent was entitled to any judgment, it should have been for the penalty of the bond, with a further judgment that plaintiff have execution for the damages so assessed by the jury. The judgment rendered in this cause is not such a one as required by law. R. S. 1899, sec. 471; State v. Sondag, 15 Mo. App.

312; State to use v. Fitzpatrick, 64 Mo. 185; State ex rel. v. Cooper, 79 Mo. 464; State to use v. Adler, 97 Mo. 413.    (2) Appellant insists that instruction number 2 requested by him and refused by the court should have been given.    The question of the forfeiture of the bond, and the waiver thereof by appellant, was one of fact to be determined by the triers of the fact under proper instructions.    The question of waiver was one of intention and should have been submitted to the jury.    In support of this doctrine, we submit the following authorities: Ehrlich v. Life Ins. Co., 88 Mo. 249; Marchildon v. O'Hara, 52 Mo. App. 523; Lee v. Hassett, 39 Mo. App. 67; Porter v. German Amer. Ins. Co., 62 Mo. App. 520.

*Farris & Norvell* for respondent.

Replying to the first contention made by appellant, that the judgment is irregular and erroneous, in that it is not for the penalty of the bond with a special award for damages as given by the verdict of the jury, we beg to say, that admitting it to be true, this court, if satisfied with the correctness of the judgment of the court below, can enter the proper judgment itself or direct the lower court to do so.    We are willing to rely for support in this position upon the authorities cited by appellant.    In the case of State ex rel. v. Frank, 22 Mo. App. 48, the court, referring to an action on a penal bond and an irregular judgment thereon, says:    "This defect, however, might be corrected here, provided we come to the conclusion that the judgment should be permitted to stand in other respects."    Likewise, in case of Kendall v. Western Union, 56 Mo. App. 196, the same being an action to recover a statutory penalty, and the judgment having failed to follow the requirement of the statute, the appellate court said:    "The judgment

of the circuit court will be reversed, and a judgment entered here in conformity to the requirements of the statute."

BOND, J.—A careful examination of the record discloses that the two diverse versions of the transactions arising upon evidence of the respondent and appellant, respectively, were submitted to the jury by appropriate instructions. The only question which presented any difficulty was the ruling of the trial court when the certified check, for the amount tendered appellant, was offered in evidence by respondent and objected to by appellant on the ground that it did not show a tender of any sum. This objection would have been doubtless sustained upon the familiar ruling that such an instrument constituted no tender valid in law for the sum for which it was drawn, if it had not appeared from the testimony of appellant, himself, that he had not objected to the check on that ground when it was proffered to him nor insisted upon the production of the money itself. Under these circumstances there was no error in the ruling of the trial court permitting such check to be read in evidence. Berthold v. Reyburn, 37 Mo. l. c. 595.

Appellant also complains of the judgment of the court in that it was not rendered for the full penalty named in the bond, with a further award of execution for the damages assessed by the jury. This technical defect in the judgment is not available to the appellant inasmuch as he could not be prejudiced by having a judgment against him for a lesser amount than should have been rendered according to the terms of the bond in suit and for the further reason that the execution will be necessarily restricted to the damages assessed by the jury for which the actual judgment was given. The result is that the judgment herein is affirmed. All concur.