**ALLMERICA FINANCIAL LIFE INSUR-ANCE AND ANNUITY COMPANY, a Delaware corporation, fka SMA Life Assurance Company, Plaintiff–Appellee,**

v.

**Jay Kent LLEWELLYN, Defendant–Appellant,**

and

**SMA Life Assurance Company, a Delaware corporation, Counter–Defendant.**

No. 96–36067.

United States Court of Appeals, Ninth Circuit.

Argued Nov. 5, 1997.

Decided Dec. 4, 1997.

Ordered Published March 17, 1998.

Clayton C. Patrick, Salem, Oregon, for defendant-appellant.

R. Daniel Lindahl, John A. Bennett, Bullivant, Houser, Bailey, Pendergrass & Hoffman, Portland, Oregon, for plaintiff-appellee

and Chrys Anne Martin, Portland, Oregon, for counter-defendant.

Before: NOONAN and HAWKINS, Circuit Judges, and MERHIGE,* District Judge.

## ORDER

The memorandum disposition filed December 4, 1997 is redesignated an authored opinion by Judge Merhige.

## OPINION

MERHIGE, Senior District Judge:

Jay Kent Llewellyn appeals both the district court's order granting Allmerica Financial Life Insurance and Annuity Company's Motion for Summary Judgment and the district court's post-judgment order denying his Motion for Relief from Judgment and for Leave to File Second Amended Answer. We affirm.

### I.

This appeal involves a disability insurance coverage dispute. Jay Kent Llewellyn ("Llewellyn"), the insured, is a chiropractor who had been under investigation for work-related fraudulent activities for several years. After months of extensive investigation, the Oregon Board of Chiropractic Examiners issued a Final Order on May 23, 1991, revoking Llewellyn's chiropractic license "as of the date of this order." Although Llewellyn claims that he was not aware of the revocation until a week or two later, he closed his office and discontinued his chiropractic practice the next day.

On June 13, 1991, Llewellyn filed a claim for disability benefits under an insurance policy issued by Allmerica Financial Life Insurance and Annuity Co. ("Allmerica"). On the claim form, he listed "depression" as the sickness or injury which prevented him from working. Llewellyn did not, however, disclose that his chiropractor's license had been revoked the day before the alleged onset of his "depression." Allmerica initially allowed

the claim, and made monthly benefits payments in the amount of $4,620 for approximately two years. In January 1994, however, Allmerica concluded that Llewellyn was not disabled within the meaning of the policy and discontinued paying benefits.

Allmerica subsequently brought an action in the United States District Court for the District of Oregon seeking a declaratory judgment that it owed no further disability payments to Llewellyn under the policy. The district court granted Allmerica's Motion for Summary Judgment and entered the Judgment of Dismissal on July 23, 1996. On August 1, 1996, Llewellyn filed a Motion for Relief from Judgment and for Leave to File Second Amended Answer. The district court denied both motions.

### II.

#### A. Post–Judgment Motions

Motions for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure are addressed to the sound discretion of the district court and will not be reversed absent some abuse of discretion. *Browder v. Director, Ill. Dep't of Corrections,* 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 560 n. 7, 54 L.Ed.2d 521 (1978); *Wilson v. City of San Jose,* 111 F.3d 688, 691 (9th Cir.1997). It is well-settled that once final judgment has been entered, the district court lacks jurisdiction to decide a motion to amend unless and until the judgment is reopened by the granting of a Rule 60 motion. *Lindauer v. Rogers,* 91 F.3d 1355, 1357 (9th Cir.1996). Because Llewellyn filed his post-judgment motions several days after the Judgment of Dismissal, the district court could not therefore entertain the Motion for Leave to File Second Amended Answer unless and until Llewellyn demonstrated that he was entitled to relief under Rule 60(b).

Contrary to Llewellyn's contention, counsel's failure to plead an affirmative defense of waiver in the First Amended Answer does not provide a basis for equitable relief

---

* Honorable Robert R. Merhige, Jr., Senior United States District Judge for the Eastern District of Virginia, sitting by designation.

under Rule 60(b)(1). In *Engleson v. Burlington Northern R. Co.*, we expressly held that "[n]either ignorance nor carelessness on the part of the litigant or his attorney provide grounds for relief under Rule 60(b)(1)." 972 F.2d 1038, 1043 (9th Cir.1992) (citation and internal quotations omitted). Furthermore, although Rule 60(b)(6) "gives the district court power to vacate judgments whenever such action is appropriate to accomplish justice,"[1] such relief requires a showing of "extraordinary circumstances." *Ackermann v. United States*, 340 U.S. 193, 199–201, 71 S.Ct. 209, 212–13, 95 L.Ed. 207 (1950). The failure of Llewellyn's counsel to assert the affirmative defense of waiver does not, however, constitute such "gross negligence or exceptional circumstances so as to justify the extraordinary relief available pursuant to Rule 60(b)." *Kagan v. Caterpillar Tractor Co.*, 795 F.2d 601, 609 (7th Cir.1986).

■ Given that attorney error is insufficient grounds for relief under both Rule 60(b)(1) and (6), we find that the district court did not abuse its discretion in denying Llewellyn's Motion for Relief from Judgment. We also find that the district court properly denied Llewellyn's Motion for Leave to File Second Amended Answer for lack of jurisdiction. *Lindauer*, 91 F.3d at 1357.

### B. *Summary Judgment Motion*

We review a grant of summary judgment *de novo. Covey v. Hollydale Mobilehome Estates*, 116 F.3d 830, 834 (9th Cir.1997). Our review is governed by the same standard used by the trial court under Federal Rule of Civil Procedure 56(c). *Ghotra v. Bandila Shipping, Inc.*, 113 F.3d 1050, 1054 (9th Cir. 1997). We must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. *Covey*, 116 F.3d at 834.

■ As a general rule, "disability insurance policies . . . provide coverage for factual disabilities . . . and not for legal disabilities."

*Brumer v. National Life of Vermont*, 874 F.Supp. 60, 64 (E.D.N.Y.1995) (citation omitted). Llewellyn argues that because he did not learn of his license revocation until after he closed his practice, he was factually disabled by a mental illness before he became legally disabled by the license revocation and thus, he is entitled to disability payments. We find, however, that regardless of when Llewellyn claims to have learned of the official revocation, he had sufficient constructive notice such that the revocation became effective the day the Final Order was issued.

Because Llewellyn was therefore legally disabled as of May 23, 1991, his "regular occupation" of practicing chiropractic medicine ceased that very same day. Consequently, Llewellyn was not "disabled" within the meaning of the policy because it was his legal disqualification from the chiropractic profession and not his mental illness that prevented him from continuing to practice. *See, e.g., Brumer*, 874 F.Supp. at 64 ("If the onset of plaintiff's disability occurred during the period that his medical license was suspended, he would not be entitled to receive disability payments pursuant to the terms of the policies in question because his occupation at the time the disability arose was not that of a surgeon or even a physician."). The district court was therefore correct in finding that there were no genuine issues of material fact and that Llewellyn was not entitled to disability benefits as a chiropractor "under the plain language of the Policy."

Based on the foregoing, we find that the district court correctly denied Llewellyn's post-judgment motions and properly granted Allmerica's motion for summary judgment.

**AFFIRMED.**

---

1. *United States v. Sparks*, 685 F.2d 1128, 1130 (9th Cir.1982) (quoting *Klapprott v. United States*, 335 U.S. 601, 615, 69 S.Ct. 384, 390–91, 93 L.Ed. 266 (1949)).