NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 17 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BANK OF AMERICA, N.A., FKA Countrywide Home Loans Servicing, LP, Successor by Merger to BAC Home Loans Servicing LP, | No.    20-15713 |
| | D.C. No. 2:16-cv-02208-GMN-PAL |
| Plaintiff-Appellant, | |
| | MEMORANDUM* |
| v. | |
| TWILIGHT HOMEOWNERS ASSOCIATION, | |
| Defendant-Appellee, | |
| and | |
| RBBE REAL ESTATE INVESTMENTS, LLC; DALY PROPERTY MANAGEMENT, AKA Daly Management Corporation; HOMEOWNER ASSOCIATION SERVICES, INC., | |
| Defendants. | |

| | |
|---|---|
| BANK OF AMERICA, N.A., FKA Countrywide Home Loans Servicing, LP, Successor by Merger to BAC Home Loans Servicing LP, | No.    20-16267 |
| | D.C. No. 2:16-cv-02208-GMN-PAL |

---

     *    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Plaintiff-Appellee,

v.

DALY PROPERTY MANAGEMENT, AKA
Daly Management Corporation,

Defendant-Appellant,

and

TWILIGHT HOMEOWNERS
ASSOCIATION; RBBE REAL ESTATE
INVESTMENTS, LLC; HOMEOWNER
ASSOCIATION SERVICES, INC.,

Defendants.

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, District Judge, Presiding

Argued and Submitted January 11, 2022
Pasadena, California

Before: WALLACE, BOGGS,** and FRIEDLAND, Circuit Judges.

Bank of America, N.A. ("BANA") appeals from the district court's

summary judgment to Twilight Homeowners Associations ("Twilight") on the

quiet-title claim that BANA brought against Twilight, Daly Property Management

("Daly"), and others, following Twilight's non-judicial foreclosure sale of the

---

** The Honorable Danny J. Boggs, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

property at issue. Daly, in turn, appeals from the district court's denial of its motion to set aside the default judgment that was entered against Daly prior to the district court's entry of summary judgment. We have jurisdiction under 28 U.S.C. § 1291. We review the summary judgment de novo, *Fed. Home Loan Mortg. Corp. v. SFR Invs. Pool 1, LLC*, 893 F.3d 1136, 1144 (9th Cir. 2018), and the district court's decision not to set aside the default judgment for abuse of discretion, *Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002). For the reasons below, we reverse the district court's summary judgment to Twilight and remand to the district court with an order to enter summary judgment for BANA. We affirm the district court's denial of Daly's motion to set aside the default judgment.

1. As an initial matter, we reject BANA's arguments that, in light of the default judgment entered against Daly, the law-of-the-case doctrine or mootness precluded the district court from granting summary judgment to Twilight. BANA's position is clearly at odds with the Federal Rules of Civil Procedure, which provide that

> any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties *does not end the action as to any of the claims or parties and may be revised at any time* before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b) (emphasis added). Not only can a default judgment be

reconsidered under Rule 54(b) while further litigation in the action continues, but it is well established that "[t]he law of the case doctrine does not preclude a court from reassessing its own legal rulings in the same case." *Askins v. U.S. Dep't of Homeland Sec.*, 899 F.3d 1035, 1042 (9th Cir. 2018). If BANA's argument on the law-of-the-case doctrine were correct, it would mean that a single defendant's default would decide the merits of the case for all similarly situated, non-defaulting defendants. That would be inconsistent with the text of Rule 54(b) and our caselaw. For a similar reason, because the default judgment against Daly did not dictate a final resolution of the quiet-title claim that BANA asserted against both Daly and Twilight, there was still a live controversy among those parties, and that claim was not moot.

2. We agree with BANA that Twilight has waived its objections to BANA's tender by failing to provide any reason for rejecting that tender at the time it was made. We reach this issue even though BANA did not make this precise waiver argument in the district court. BANA made a similar argument in its summary-judgment briefs before the district court, arguing that Twilight's refusal "to explain why it rejected BANA's tender or what further actions it believed BANA needed to take to protect its interests in the property" amounted to bad faith and wrongful foreclosure. Whether or not that contention was sufficient to preserve BANA's current argument that a party waives its objections to a tender by failing to make

4

them at the time of the tender, BANA's current argument presents us with a pure question of law. We have explained many times that we "may hear an issue raised for the first time on appeal so long as 'the issue presented is a pure question of law and the opposing party will suffer no prejudice as a result of the failure to raise the issue in the trial court.'" *Armstrong v. Schwarzenegger*, 622 F.3d 1058, 1068 n.4 (9th Cir. 2010) (quoting *Raich v. Gonzales*, 500 F.3d 850, 868 (9th Cir. 2007)). Twilight can point to no prejudice caused by BANA's failure to raise that exact argument before the district court. We therefore turn to the argument's merits.

The Nevada Supreme Court has never addressed this precise question, so we "must predict how the highest state court would decide the issue." *Eichacker v. Paul Revere Life Ins. Co.*, 354 F.3d 1142, 1145 (9th Cir. 2004) (quoting *S.D. Myers, Inc. v. City & County of San Francisco*, 253 F.3d 461, 473 (9th Cir. 2001)). The Nevada Supreme Court has rendered a related holding that a party waives its objection to the *form* of a tender if it fails to make it at the time of the tender. *Milner v. Dudrey*, 362 P.2d 439, 444 (Nev. 1961). We see no reason why the Nevada Supreme Court would hold that a party waives its objection to the form of a tender, but not to the amount, if it fails to make that objection at the time of the tender. Moreover, "[w]here Nevada law [on a specific issue] is lacking, its courts have looked to the law of other jurisdictions . . . for guidance." *Eichacker*, 354 F.3d at 1145 (quoting *Mort v. United States*, 86 F.3d 890, 893 (9th Cir. 1996)). To

5

that end, BANA observes that several jurisdictions have adopted the rule that "[a] person to whom a tender is made must, at the time, specify the objections to it, or they are waived." *First Sec. Bank of Utah, N.A. v. Maxwell*, 659 P.2d 1078, 1081 (Utah 1983); *accord Lee v. Peters*, 250 S.W.3d 783, 787 (Mo. Ct. App. 2008); *Hohn v. Morrison*, 870 P.2d 513, 516-17 (Colo. App. 1993); *Hossom v. City of Long Beach*, 189 P.2d 787, 791 (Cal. Ct. App. 1948). Additional authority supports the slightly more specific proposition that a party waives its objection to the *amount* of a tender if it does not raise that objection when the tender is made. *See* 86 C.J.S. Tender § 12 ("An objection to the amount of a tender must be taken at the time the tender is made, otherwise it is waived."); *see also* 74 Am. Jur. 2d Tender § 20 ("[If] the creditor either neglects or refuses to disclose the correct amount owing, the debtor's tender of what he or she believes, in good faith, is owing is deemed sufficient even if it is a smaller amount than that actually owed."). In light of the holding in *Milner* and the weight of authorities cited from other jurisdictions, we predict that the Nevada Supreme Court would hold that a party waives its objection to the amount of a tender if it does not make it at the time of the tender.[1] Because we hold that Twilight waived any objection to

---

[1] To the extent that Twilight argues that BANA's tender was impermissibly conditional because BANA said the amount was "non-negotiable," we disagree. Twilight contends that BANA would not have included the $200 nuisance-abatement charge in its tender, even if Twilight had objected to BANA's tender on

BANA's tender, that tender was sufficient to preserve BANA's interest in the property, and BANA's deed of trust survived Twilight's foreclosure sale.

Accordingly, we reverse the summary judgment in favor of Twilight and remand to the district court for entry of summary judgment in favor of BANA on the quiet-title claim and for any further proceedings consistent with this disposition.[2]

3. Finally, we affirm the district court's denial of Daly's motion to set aside the default judgment against Daly. "Motions for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure are addressed to the sound discretion of the district court and will not be reversed absent some abuse of discretion." *Allmerica Fin. Life Ins. & Annuity Co. v. Llewellyn*, 139 F.3d 664, 665 (9th Cir. 1997). We have held that "a district court may deny a motion to vacate a default judgment if: '(1) the plaintiff would be prejudiced if the judgment is set aside, (2) defendant has no meritorious defense, or (3) the defendant's

_____

the ground that it excluded that charge. Twilight's argument illustrates the importance of the waiver rule. Had Twilight explained at the time why it was rejecting BANA's tender, we would know now whether BANA would have modified its tender to include the nuisance-abatement charge. Because Twilight said nothing, we can only guess.

[2] Because we resolve the summary-judgment appeal on the basis of Twilight's waiver of its objection to BANA's tender, we do not reach BANA's alternative arguments regarding whether it was entitled to rely on Twilight's ledger or whether the nuisance-abatement charge at issue was part of the superpriority lien under Nev. Rev. Stat. § 116.310312.

7

culpable conduct led to the default.'" *Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1108 (9th Cir. 2000), *as amended on denial of reh'g* (Nov. 1, 2000) (quoting *In re Hammer*, 940 F.2d 524, 525-26 (9th Cir. 1991)). We have explained that a district court can deny a motion to set aside a default judgment "if any of the three factors [is] true." *Id.* Here, the district court found that Daly's culpable conduct led to the default and that "there [was] not good cause to excuse Daly's neglect." Although we, like the district court, are sympathetic to any personal hardships Daly's representatives experienced during this litigation, we cannot say that the district court abused its discretion in concluding that Daly's culpable conduct led to the default. We therefore affirm the district court's denial of Daly's motion to set aside the default judgment. *See Brandt v. Am. Bankers Ins. Co. of Fla.*, 653 F.3d 1108, 1112 (9th Cir. 2011) ("A district court may exercise its discretion to deny relief to a defaulting defendant based solely upon a finding of defendant's culpability."). In addition, given our holding in favor of BANA in the summary-judgment appeal, which makes clear that BANA's deed of trust survived the foreclosure sale, the entry of default judgment against Daly is consistent with the disposition of the quiet-title claim on the merits. There is no reason that default judgment against Daly should not become final.

**CASE NUMBER 20-15713 REVERSED AND REMANDED. CASE NUMBER 20-16267 AFFIRMED.**