NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 11 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JASON FYK,

        Plaintiff - Appellant,

  v.

FACEBOOK, INC.,

        Defendant - Appellee.

No. 24-465

D.C. No.
4:18-cv-05159-HSG

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Haywood S. Gilliam Jr., District Judge, Presiding

Submitted November 22, 2024[**]
Pasadena, California

Before: RAWLINSON, CHRISTEN, and JOHNSTONE, Circuit Judges.

Jason Fyk appeals the district court's order denying his second Rule 60(b)

motion to vacate and set aside a judgment in favor of Facebook, Inc., and terminating

his freestanding "motion re: the (un)constitutionality of 47 U.S.C. § 230(c)(1)." We

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 28 U.S.C. § 1291 and review for abuse of discretion the denial of a motion for relief from judgment under Federal Rule of Civil Procedure 60(b). *Marroquin v. City of Los Angeles*, 112 F.4th 1204, 1211 (9th Cir. 2024) (citing *United States v. Asarco Inc.*, 430 F.3d 972, 978 (9th Cir. 2005)). We affirm.

1. The district court did not abuse its discretion in denying Fyk's second motion to vacate under Rule 60(b)(5), which authorizes relief from a final judgment that "is based on an earlier judgment that has been reversed or vacated." Fed. R. Civ. P. 60(b)(5). "Rule 60(b)(5) may not be used to challenge the legal conclusions on which a prior judgment or order rests, but the Rule provides a means by which a party can ask a court to modify or vacate a judgment or order if 'a significant change . . . in law' renders continued enforcement 'detrimental to the public interest.'" *Horne v. Flores*, 557 U.S. 433, 447 (2009) (quoting *Rufo v. Inmates of Suffolk Cnty. Jail,* 502 U.S. 367, 384 (1992)).

Fyk argues that significant post-judgment changes in the law demonstrate that, because Facebook's challenged content-moderation actions were motivated by anticompetitive animus, Facebook was not entitled to immunity under Section 230(c)(1) of the Communications Decency Act. He points to two of our published decisions as changing the law concerning the scope of immunity under Section 230(c)(1): *Enigma Software Group USA, LLC v. Malwarebytes, Inc.*, 946 F.3d 1040 (9th Cir. 2019), and *Lemmon v. Snap, Inc.*, 995 F.3d 1085 (9th Cir. 2021). But we

have already rejected as untimely his argument that *Enigma* changed the controlling law. *See Fyk v. Facebook, Inc.*, No. 21-16997, 2022 WL 10964766, at *1 (9th Cir. Oct. 19, 2022). And contrary to Fyk's assertions, *Lemmon* says nothing about whether Section 230(c)(1) shields social-media providers for content-moderation decisions made with anticompetitive animus. *See* 995 F.3d at 1092 (explaining that the case "'has nothing to do with' [the defendant's] editing, monitoring, or removing of the content that its users generate" (quoting *Doe v. Internet Brands, Inc.*, 824 F.3d 846, 852 (9th Cir. 2016))). The remaining cases Fyk cites are unpublished, dissenting, out-of-circuit, or district-court opinions, which are not binding in this circuit and therefore do not constitute a change in the law. *See Hart v. Massanari*, 266 F.3d 1155, 1170–71 (9th Cir. 2001). Because Fyk has identified no change in the law, the district court did not abuse its discretion in denying his motion under Rule 60(b)(5).

2. Nor did the district court abuse its discretion in denying Fyk's second motion to vacate under Rule 60(b)(6), which permits a court to vacate a final judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). "A movant seeking relief under Rule 60(b)(6) is required 'to show "extraordinary circumstances" justifying the reopening of a final judgment.'" *Martinez v. Shinn*, 33 F.4th 1254, 1262 (9th Cir. 2022) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)). We "have outlined 'six factors that may be considered . . . to evaluate

whether extraordinary circumstances exist.'" *Riley v. Filson*, 933 F.3d 1068, 1071 (9th Cir. 2019) (quoting *Lopez v. Ryan*, 678 F.3d 1131, 1135 (9th Cir. 2012)). But where, as here, "the key issue is whether there was 'a change in the law,' . . . we do not need to reach the other five factors if there was no change." *Id.* (quoting *Jones v. Ryan*, 733 F.3d 825, 839 (9th Cir. 2013)). As explained, the relevant law has not changed, so Fyk is not entitled to relief under Rule 60(b)(6). *See id.* at 1073–74.

3. The district court also properly terminated Fyk's freestanding motion regarding the constitutionality of Section 230(c)(1). Federal Rules of Civil Procedure 59 and 60(b) generally "cover the field" and "define the practice with respect to any existing rights or remedies to obtain relief from final judgments." Fed. R. Civ. P. 60(b) advisory committee's note to 1946 amendment. If relief is not available under either rule, "the only other procedural remedy is by a new or independent action to set aside a judgment . . . ." *Id.*; *see also* Fed. R. Civ. P. 60(b) advisory committee's note to 2007 amendment. As discussed, Fyk is not entitled to relief under Rule 60(b). He is out of time to seek relief under Rule 59. *See* Fed. R. Civ. P. 59(e). And though he styles his motion as pursuant to Rule 5.1, that rule does not provide for any such motion. *See* Fed. R. Civ. P. 5.1(a). There is thus no basis to consider Fyk's freestanding motion. *Cf. Allmerica Fin. Life. Ins. & Annuity Co. v. Llewellyn*, 139 F.3d 664, 665 (9th Cir. 1997) (explaining that a district court could not entertain a post-judgment motion to amend a pleading "until [the movant]

demonstrated that he was entitled to relief under Rule 60(b)").

**AFFIRMED.**